## THE BROOKLYN CROSSTOWN RAILROAD COMPANY, RESPONDENT, v. THE BROOKLYN CITY RAILROAD COMPANY, APPELLANT.

*Agreement between railroad companies conferring mutual rights to run cars on their tracks — power to assign or lease such rights.*

In 1875, under a written agreement, the Bushwick Railroad Company secured the right to run its cars over certain tracks of the plaintiff, the Brooklyn Crosstown Railroad Company, on Manhattan avenue, in consideration of certain privileges conferred on the latter company to run its cars on the track of the Bushwick Company.

Both corporations operated their cars under this agreement until August, 1888, when the Bushwick Company executed a lease to the defendant, the Brooklyn City Railroad Company, for a long term, of all its franchises and property,

including the right to operate cars under the agreement with the Brooklyn Crosstown Company, and under that lease the Brooklyn City Company operated cars on the track covered by such agreement.

Upon an appeal from a judgment restraining the defendant from running its cars on the track of the plaintiff:

*Held,* that the agreement conferred a right upon each of the companies, which were parties thereto, to run its cars over the track of the other, and did no more.

That it granted mutual privileges and made concessions of mutual conditions, without conveying or granting any interest, and there was vested no right or interest in either company which could be assigned or leased.

APPEAL from an order made at the Kings County Special Term on November 28, 1888, which was entered in the office of the clerk of the county of Kings on the same day, restraining the defendant, the Brooklyn City Railroad Company, its officers, agents and servants, from running cars or operating a railroad over or upon the tracks of the above-named plaintiff, on Manhattan avenue, between Van Cott avenue and Greenpoint avenue.

*William C. Trull,* for the appellant.

*William C. De Witt,* for the respondent.

DYKMAN, J. :

This is an appeal from an order restraining the defendant from running its cars on the track of the plaintiff on Manhattan avenue, between Van Cott avenue and Greenpoint avenue, in the city of Brooklyn. There has been no trial, and the injunction was based on the pleadings and affidavits ; but the important facts are undisputed, and they are these : The Bushwick Railroad Company, a corporation in the city of Brooklyn, and the plaintiff entered into a written agreement in September, 1875, by which the Bushwick Railroad Company secured the right to run its cars over the track of the plaintiff on Manhattan avenue, then called Union avenue, between Greenpoint avenue and Van Cott avenue, in consideration of certain privileges conferred on the plaintiff, to run its cars on the track of the Bushwick Company, and to accomplish certain other results and purposes for the mutual benefit and advantage of both contracting parties. That contract was carried into execution, and both corporations operated their cars under it until August, 1888, when the Bushwick Company executed a lease to the defendant for

a long term, of all its franchises and property, including the right to operate cars under the agreement with the plaintiff. Under that lease the defendant has operated cars on the track of the plaintiff, between Greenpoint avenue and Van Cott avenue, and it is the object of this action to restrain the defendant from so using the track of the plaintiff's road. The justification of the defendant for the invasion of the road-bed and track of the plaintiff is based upon the lease from the Bushwick Company and the agreement of the latter company with the plaintiff. The agreement confers a right upon each of the companies to run its cars over the track of the other, and it does no more; it grants mutual privileges and makes concession of mutual conditions, without conveying or granting any interest; and it vested no right or interest in such company which could be assigned or leased. It was quite immaterial whether the instrument be called a lease or a license; its legal effect is the same, and its scope cannot be enlarged by denomination. Each party is granted the right to run its cars over the track of the other, and in all other respects each party retains absolute control over its road for all purposes. The instrument bestows no right or interest which could become the subject of sale or assignment, or which could be carried to the defendant by a lease from the Bushwick Company. As we think, the injunction stands well supported on this ground, and as we concur with the views expressed in the opinion of the Special Term on this point, we deem it unnecessary to state our views more in detail.

The order should be affirmed, with ten dollars costs and disbursements.

Barnard, P. J., concurred; Pratt, J., not sitting.

Order affirmed, with costs and disbursement.