THE CONEY ISLAND AND BROOKLYN RAILROAD COMPANY, RESPONDENT, *v.* THE BROOKLYN CABLE COMPANY, APPELLANT, IMPLEADED WITH THE BROOKLYN CROSS–TOWN RAILROAD COMPANY.

*Lease of railroad tracks — it confers no right upon the lessee to authorize other roads to use the tracks in common with itself.*

The Coney Island and Brooklyn Railroad Company and the Park Avenue Railroad Company entered into an agreement, in writing, whereby the former agreed that the latter company and its assigns might use one track of the Coney Island and Brooklyn Railroad Company on certain specified terms and conditions. The Park Avenue Railroad Company thereafter consolidated with the Greenwood and Coney Island Railroad Company, forming the Prospect Park and Coney Island Railroad Company, and subsequently this corporation sold its horse railroad routes in Brooklyn to the Atlantic Avenue Railroad Company, and the latter company thereafter assumed to assign to two parties the right to use, jointly with the Atlantic Avenue Railroad Company, the tracks which had been so leased by the Coney Island and Brooklyn Railroad, and, under a transfer of the right so assigned, the Brooklyn Cable Company was engaged in running its cars over such tracks.

In an action, brought to restrain the further use of these tracks by the Brooklyn Cable Company:

*Held*, that the agreement of the Coney Island and Brooklyn Railroad Company was a mere license or privilege for hire; that the word "assigns," which was used in such agreement, was intended to cover the case of the Park Avenue Railroad selling out all its franchises, so that its assigns would succeed to its routes under the agreement, but was not intended to give a right to the Park Avenue Railroad to sublet or to convey a privilege to other parties to use the tracks while the Park Avenue Road also made use of them.

APPEAL by the defendant, the Brooklyn Cable Company, from a judgment rendered at the Kings County Special Term, in favor of the plaintiff, and entered in the office of the clerk of that county on the 26th day of June, 1888.

The action was brought to restrain the further use of certain railroad tracks, owned by the plaintiff, by the defendants, who claimed to exercise such right under a lease executed by the plaintiff to the Park Avenue Railroad Company.

*James C. Church*, for the appellant.

*William C. De Witt* and *William N. Dykman*, for the respondent.

PRATT, J. :

Nothing need be added to the able opinion of the learned judge who tried this case. All the facts are therein fully stated, and we concur in the law therein expressed.

This General Term, in February last, passed upon a case in many respects similar to this, in which it was held that under such a contract the party hiring a right to run upon the tracks of another railroad could keep the right or part with it by assignment, but it could not retain the right itself and multiply the beneficiaries. The contract here is a mere license or privilege for hire. It is not a lease conveying an interest in the realty, but an agreement containing mutual stipulations in the nature of a license. It is clear the intent was to permit the first licensee to run its cars over the tracks mentioned. Had it been designed to cover any more than such a privilege other terms would have been used to indicate such an intention. It seems unreasonable to say that such an agreement can be divided up into a large number of parts so as to increase the use of the tracks many fold and still the compensation remain at the same fixed price. Again, the covenants in the agreement about time tables indicate that but one party was intended to use the road under the agreement. The word assigns was used in the agreement to cover the case of the Park Avenue Railroad selling out all its franchises so that its assignees would succeed to its rights under the agreement. It was not used in the sense of giving a right to sub-let or to convey a privilege to other parties to use the track while the Park Avenue Road retained the right to use them. But it is claimed by defendants that the Park Avenue Railroad Company and its assignees acquired other franchises, and that the agreement must be held to extend to them while in use by the Park Avenue Company, and that it was competent for them to lease or convey such franchises and that such conveyance carried the right to run cars under said agreement, but this contention not only contains the vice of splitting and multiplying the privilege contained in the agreement among different owners, but it is inconsistent with the statute conferring the franchise. Section 2 of act of 1874 (chap. 448), which provides "that in the operation or use of such railroad upon the route or routes herein designated" the company may use tracks already laid, but must agree with the owner or have compensation fixed by

commissioners. It seems plain that the existing agreement did not extend to cover such newly-acquired franchise. Neither, for the same reason, can it be successfully claimed that the agreement became appurtenant to the franchise granted to the Park Avenue Railroad by chapter 448 of Laws of 1874. The agreement was made to fit the existing circumstances and it could not be made to cover material changes not provided for in its terms, or within the intent of the parties at the time it was made. The question is not whether a corporation can sell or assign its franchises, but whether the agreement in question became vested in the defendant so that it can enforce it against the plaintiff. As we have before stated, this agreement was not a lease, and is, therefore, not a subject of sub-letting to different parties to be conjointly used with the original parties.

Judgment is affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.