should not obtain this right of property, by rendering fair compensation to those who are the successors in title to Central wharf, and who have had the continued possession for nearly a century.

Costs are not awarded to either party as against the other.

---

(5 App. Div. 464.)

### TRELFORD v. CONEY ISLAND & B. R. CO.

### LAKELAND v. SAME.

(Supreme Court, Appellate Division, Second Department. May 8, 1896.)

EMINENT DOMAIN—BUILDING RAILWAY IN STREET—ABUTTERS.

Where the owner of property abutting on a street does not own the fee of any part of the street, he is not entitled to compensation for the construction and operation of a railway in such street.

Appeal from special term, Kings county.

Actions by John Trelford and William Lakeland, respectively, against the Coney Island & Brooklyn Railroad Company, to enjoin defendant from constructing an electric trolley railroad on Neptune avenue, in what was formerly the town of Gravesend. From an order denying a motion to continue a temporary injunction in the first case, plaintiff therein appeals; and, from an order denying in part a motion to continue the temporary injunction in the second case, both parties appeal. Affirmed as to first case. Affirmed in part as to second case.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

James C. Church, for plaintiffs.
William N. Dykman, for defendant.

BROWN, P. J. The plaintiffs in each of the above-entitled actions are owners of land fronting upon Neptune avenue, a street in that part of the city of Brooklyn which was formerly the town of Gravesend, and seek a judgment restraining the defendant from constructing and operating a railroad upon said avenue. Motions for an injunction pendente lite were made at the special term. In Trelford's case the motion was denied absolutely. In Lakeland's case it was granted so far as to restrain the construction of a double track, but the order permits the construction and operation of a single-track road. The plaintiffs have appealed from both orders, and the defendant has appealed from the order in Lakeland's case.

The defendant was incorporated in 1860, under the general railroad law of the state, and, by chapter 324 of the Laws of 1861, was authorized, upon obtaining the consent of the common council of the city of Brooklyn, or the consent of a majority of the owners of property fronting upon any street or avenue in said city, through or over which it proposed to lay its road, to construct and operate a railroad from Fulton Ferry, in said city, to a point in and upon Coney Island, through and over the streets, roads, and avenues designated and shown on maps of said railroad made by Jarvis

Whitman, city surveyor. Pursuant to the authority conferred upon it, the defendant constructed a single-track horse road, and near its southern terminus the road was built upon what is called the "Old Coney Island Plank Road." In 1890, proceedings were taken by the local authorities of Gravesend to open and grade Neptune avenue, a street laid out on the map of the town survey commission. This street ran east and west across Coney Island avenue and Ocean Parkway. As I understand the affidavits, west of Ocean Parkway its lines correspond with the line of the old plank road, but east of the Ocean Parkway it is wider than the plank road, the old road lying wholly within the lines of the avenue. In 1890 the defendant was engaged in changing its motive power from horse to the electric trolley from Prospect Park to its Coney Island terminus; and being informed that Neptune avenue was about to be opened and graded, and a sewer constructed therein, and that the operation of the railroad would necessarily be suspended thereon during that year, at the suggestion of the supervisor and highway commissioners of the town, took up its rails from the plank road, and constructed a branch or extension over private property and Sea Breeze avenue and West Fifth street, to its present terminus, which extension it has ever since operated. The defendant now proposes to construct and operate its road upon its old route, through Neptune avenue.

The first point urged by the plaintiffs is that the defendant voluntarily abandoned its route over the old plank road, and has no right after such abandonment to reconstruct and operate the same. Assuming that this claim is sound, we are of the opinion that it is not available to the plaintiffs in these actions. It does not appear that either of them have any property interests involved in the question. Lakeland's deed is not in evidence. But the allegation in his complaint that he owns the land to the center of Neptune avenue is denied by the answer, and, without some evidence to sustain the allegation, a temporary injunction was properly refused. Trelford's deed is referred to in Hoffman's affidavit, and it appears from the description therein given, in connection with the map and the commissioners' report in the proceedings to open Neptune avenue, that he has no title to any land within the line of the street. No property or easements of the plaintiffs, therefore, are taken by the defendant; and it is not liable to the plaintiffs for any consequential injury they may sustain for the use of the street for railroad purposes. Forbes v. Railroad Co., 121 N. Y. 505, 24 N. E. 919. The plaintiffs, therefore, have no interest in the fact of abandonment, except such as is common to all the people. The matter affects public interests only, and the fact can be made the basis of an action against the corporation only when brought by the attorney general in the name of the people. People v. Albany & V. R. Co., 24 N. Y. 261; In re New York El. R. Co., 70 N. Y. 327.

The plaintiffs' second point is that the defendant has no right to relay its track upon Neptune avenue without first obtaining the consent of the local authorities having control thereof, and of the owners of one-half of the property bounded thereon. This proposi-

tion rests upon the assumption that such rights as the defendant had in the plank road were extinguished by the proceedings taken to open Neptune avenue; that, its franchise therein having been by such proceedings destroyed, it cannot now construct and operate a railroad in the avenue without proceeding de novo, in compliance with the constitution and the general railroad law of 1892. The plaintiffs' argument on this branch of the case goes far beyond the facts printed in the record. There is nothing before us to show that the defendant's franchise in the plank road was taken from it by the proceedings to open the avenue. All the appeal papers show is that an award of $20 was made to the Coney Island Plank-Road Company. The plaintiffs assume, because the defendant, when it originally constructed its road, acquired, by condemnation proceedings, the rights of the plank-road company in the land upon which the plank road was built, that the award of $20 was made to the defendant, and extinguished its franchise therein. There is not a word in the appeal papers to support this assumption. If we are to be permitted to speculate on the subject, the probability is that it was made to the plank-road company to extinguish any possible rights it might have in the old road. It is sufficient to say, however, that the defendant, in the papers before us, does not appear to be in any way connected with this award. Moreover, we are not informed as to the early history of the plank road. That road may have been constructed upon a public highway, or upon land purchased or acquired by the company for the purposes of its road. Laws 1847, c. 210, §§ 8, 11, 26. By chapter 324 of the Laws of 1861, the defendant's road was specifically located upon the plank road. In re Coney Island & B. R. Co., 12 Hun, 451. This act was a valid exercise of legislative power, and the rights thus created cannot be held to have been taken from the defendant for another and different public use, except by express or clearly to be implied direction of the legislature. In re City of Buffalo, 68 N. Y. 167. If the plank road was originally constructed upon a public highway, we are of the opinion that the highway still continued after the defendant had acquired the rights of the plank-road company, and had constructed its railroad. The two uses would not be inconsistent with each other, and the occupation of the railroad was not exclusive. If it was constructed upon private property acquired for the purposes of the plank road, the defendant could not be deprived of the rights it had acquired therein, except by clear legislative authority.

The plaintiffs have not embodied in their moving papers nor referred in their brief to the law under which Neptune avenue was laid out and opened; and, as there would be nothing extraordinary or unusual in the use of the avenue by a railroad after it was opened and graded, we are compelled, in the absence of any information on the subject, to assume that the defendant's rights in the plank road were preserved, and now exist in the avenue so far as the plank road was incorporated into the new street. The fact that the avenue is graded several feet higher than the plank road is not a fact of any importance.

We are unable to perceive upon what ground the order in Lakeland's case limited the rights of the defendant to a single track. As already stated, it does not appear that Lakeland has any title in the street, and, until he establishes his allegation of title, he is not entitled to an injunction.

The order in Trelford's case must be affirmed. The order in Lakeland's case, so far as appealed from by the plaintiff, must be affirmed, and, so far as appealed from by the defendant, must be reversed, with $10 costs and disbursements to the defendant. All concur.