SMITH, Respondent, v. JUDSON et al., Appellants. (Supreme Court, Appellate Division, Third Department. September 22, 1896.) Action by J. Augustus Smith against John B. Judson and Alvah H. Rogers. No opinion. Judgment of county court affirmed. All concur.

SOLOMON v. ISAAC. (Supreme Court, Appellate Term, First Department. January 31, 1896.) No opinion. Judgment affirmed, with costs.

STERNGLANZ v. HUNGERFORD. Supreme Court, Appellate Division, First Department. January 14, 1896.) No opinion. Order affirmed, with $10 costs and disbursements.

STODDARD, Respondent, v. BRAZELL, Appellant. Supreme Court, Appellate Division, Fourth Department. March, 1896.) Action by Priscilla Stoddard against Jane D. Brazell. No opinion. The justice's judgment modified by reducing the same to $29.54 as to damages, and the judgment of the county court also modified so as to conform to justice's judgment as so modified, with only $10 costs and disbursements in that court to the respondent, and the justice's judgment, as so modified, and the judgment of the county court, as so modified, affirmed, without costs to either party on the appeal in this court. See 37 N. Y. Supp. 1149, and 39 N. Y. Supp. 1133.

STONE, Appellant, v. STONE et al., Respondents. (Supreme Court, Appellate Division, First Department. September 9, 1896.) Action by Andros B. Stone against Georgiana C. Stone and others. No opinion. Motion granted unless appellant pays $10 costs. See 39 N. Y. Supp. 1133.

TOMPKINS, Respondent, v. SHEEHAN, Appellant. (Supreme Court, Appellate Division, Third Department. September 22, 1896.) Action by Hiram Tompkins against Cornelius Sheehan. No opinion. Judgment and order affirmed, with costs. All concur.

TOWN OF FT. COVINGTON, Respondent, v. UNITED STATES & C. R. CO. et al., Appellants. (Supreme Court, Appellate Division, Third Department. September 14, 1896.) Action by the town of Ft. Covington against the United States & Canada Railroad Company and others. No opinion. Motion denied. See 40 N. Y. Supp. 313.

TOWNSEND et al., Respondents, v. CHAPIN et al., Appellants. (Supreme Court, Appellate Division, First Department. September 9, 1896.) Action by Samuel C. Townsend and others against George A. Chapin and others. B. L. Winters, for appellants. C. H. Fuller, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

TOZIER, Respondent, v. PARKER, Appellant. (Supreme Court, Appellate Division, Fourth Department. March, 1896.) Action by Lemuel L. Tozier against Le Roy Parker. No opinion. Judgment and order affirmed, with costs.

TRELFORD, Appellant, v. CONEY ISLAND & B. R. CO., Respondent. LAKELAND v. SAME. (Supreme Court, Appellate Division, Second Department. June 23, 1896.) On reargument. For decision on appeal, see 39 N. Y. Supp. 20.

PER CURIAM. When this case was last before us we did not overlook the questions discussed by the appellant on the present motion for a reargument, though as to two of such questions we regarded them as settled by concessions of the respective counsel made on the argument. In our opinon, the removal by the defendant of its tracks from a part of the Coney Island plank road, and its abandonment of that part of its road for a period, did not determine or forfeit the defendant's franchise over such road, so as to prevent the defendant from relaying its tracks thereon. Such abandonment only operated as a cause of forfeiture, of which the people alone could take advantage, as was done in the case of People v. Broadway R. Co., 126 N. Y. 29, 26 N. E. 961. The principle that an abutter has sufficient special interest in a street to restrain an unlawful structure therein has no application to this case, for the defendant's railroad is a lawful structure till the state claims a forfeiture. The proceeding to open Neptune avenue did not and could not affect the defendant's railroad franchise, whether an award was made for it or not. The opening proceeding was to acquire all property rights necessary to vest in the people of the state or the city of Brooklyn the easement of a public highway in the land taken. The railroad easement and franchise was not inconsistent, but consistent, with the public easement, and there was no authority given by law to condemn it. It was conceded by counsel for the defendant, and properly, in our opinion, that the defendant could not use electric power in the operation of its railroad without the consent of the railroad commissioners. We also think that it must be confined, in relaying its road, to the location of the old Coney Island road; though we do not say that by the consent of the local authorities such location may not be changed to the new part of Neptune avenue. Such change would not be the grant of a new franchise. The injunction should, therefore, be not wholly vacated, but modified so as to restrain the defendant from operating its road with electricity except with the consent of the railroad commissioners, or on any part of Neptune avenue not lying within the limits of the old Coney Island road, except by the consent of the local authorities.

VAN KEUREN, Appellant, v. VAN KEUREN, Respondent. (Supreme Court, Appellate Division, Third Department. September 22, 1896.) Action by Peter E. Van Keuren against William W. Van Keuren. No opinion. Judgment and order affirmed, with costs. All concur.