THE CONEY ISLAND AND GRAVESEND RAILWAY COMPANY, Appellant, *v.* THE CONEY ISLAND AND BROOKLYN RAILROAD COMPANY and THE BROOKLYN CITY AND NEWTOWN RAILROAD COMPANY, Respondents.

*Agreement between two railroad companies to construct a road for joint use — either company may run cars of a leased road over it.*

The Coney Island and Brooklyn Railroad Company, which had a right to construct and operate its railroad upon a certain portion of Neptune avenue, in the town of Gravesend, which right was quite independent of, and not subordinate to, any right possessed by the Coney Island and Gravesend Railway Company in said street, entered into an agreement with the latter company to con-

struct and maintain, at their joint expense, a double-track railroad upon said street, the agreement providing that said tracks so constructed were to be used jointly by the parties to the agreement, and that " in such joint use of the said tracks each of the parties hereto shall have the privilege of operating as many cars over said track as in the conduct of its business it may deem necessary and proper."

*Held,* that the Coney Island and Brooklyn Railroad Company was entitled to operate cars of a railroad company leased by it, over the tracks constructed and maintained in accordance with the agreement, where such use of the tracks would not deprive the Coney Island and Gravesend Railway Company of the same use if it chose to enjoy it.

APPEAL by the plaintiff, The Coney Island and Gravesend Railway Company, from a final judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 23d day of December, 1898, upon the decision of the court, rendered after a trial at the Kings County Special Term, dismissing the complaint upon the merits, and denying the plaintiff's claim to an injunction restraining the defendant The Coney Island and Brooklyn Railroad Company from operating the cars of the defendant The Brooklyn City and Newtown Railroad Company over Neptune avenue from East Fourteenth street to West Sixth street, in the borough of Brooklyn.

*James C. Church,* for the appellant.

*William N. Dykman,* for the respondent, The Coney Island and Brooklyn Railroad Company.

*William C. Gulliver,* for the respondent, The Brooklyn City and Newtown Railroad Company.

HATCH, J.:

The parties to this action submitted the controversy existing between them to the court upon an agreed statement of facts, and the question which is presented for determination became solely one of law. So far as material to the present discussion, it appears that the defendant The Coney Island and Brooklyn Railroad Company had authority to construct and operate a street railroad upon Neptune avenue, between West Sixth street and East Fourteenth street, in the town of Gravesend. The right so to construct its tracks over this route was determined by this court in *Trelford* v. *Coney*

*Island R. R. Co.* (5 App. Div. 464; S. C., 6 id. 204). In May, 1896, the plaintiff in this action commenced an action against the defendant The Coney Island and Brooklyn Railroad Company to restrain the latter from entering upon Neptune avenue and constructing its railroad therein. This action resulted in a preliminary injunction restraining the defendant from constructing its railroad " save upon such strip of land in such avenue as was originally used for the old plank road, and so far as such defendants may have any rights on and in such strip by virtue of chapter 324 of the Laws of 1861." In July, 1896, the plaintiff entered upon Neptune avenue for the purpose of constructing its railroad, and thereupon the defendant The Coney Island and Brooklyn Railroad Company commenced an action to restrain the plaintiff from constructing its road in Neptune avenue between Coney Island avenue and West Fifth street, and after an argument had the court granted a preliminary injunction restraining the plaintiff from constructing any railroad in Neptune avenue between Coney Island avenue and West Fifth street. Thereupon the two railroads entered into an agreement which forms the basis of this action and upon which the rights of these parties must be determined. By this agreement it was recited that the defendant The Coney Island and Brooklyn Railroad Company in or about the year 1863 had constructed its railroad upon the Coney Island plank road, between Coney Island avenue and what is now known as West Fifth street, and operated its railroad thereon until about the year 1890; and that the Coney Island plank road is now partly within the lines of Neptune avenue as opened; that the plaintiff had all the rights necessary to construct and operate a double-track street surface railroad upon Neptune avenue between Emmons avenue and West Eighth street; and for the purpose of the construction and maintenance of the railroad upon Neptune avenue where their roads coincide, " being the portion of Neptune avenue between West Fifth street and Coney Island avenue, and also for the operation of the cars of each of the parties hereto upon such portion of Neptune avenue," it was agreed that the parties should construct a double-track street surface railroad upon Neptune avenue, between West Fifth street and Coney Island plank road, making provision for particular construction by each, and the expense of railroad construction and electrical equipment

should be divided between the parties; and it further provided "said tracks so constructed on Neptune avenue are to be used jointly by the parties hereto, and the expense of maintaining and preserving the same shall be borne equally by the parties hereto. In such joint use of the said tracks each of the parties hereto shall have the privilege of operating as many cars over said track as in the conduct of its business it may deem necessary and proper." The limitation of use in the agreement is found in section 5: "The parties hereto mutually agree that in the use of said tracks no car of either party shall, on any occasion, stop or remain stationary upon said tracks for a greater length of time than may be necessary to take up or let out passengers, and that all cars of the parties hereto shall be run over said railroad tracks at a rate of speed not less than that specified in the time tables made or to be made from time to time by the other party hereto." The defendant The Coney Island and Brooklyn Railroad Company, having leased the lines of the defendant The Brooklyn City and Newtown Railroad Company, began running the cars of such leased line over this part of its road, and the plaintiff seeks by this action to restrain the running of any cars of the leased line over the road so jointly constructed and maintained, the contention of the plaintiff being that the agreement gave no right to the defendant The Coney Island and Brooklyn Railroad Company to make use of the jointly constructed line for any other purpose than the running over it of its own cars.

We do not think that this contention can be upheld. It is perfectly clear that the defendant The Coney Island and Brooklyn Railroad Company had the right to construct in Neptune avenue its line of road and operate the same quite independent of any right held by the plaintiff in such street. Indeed, so far as the agreed facts are concerned, and in the litigation between these companies, it had been judicially determined that the plaintiff had no right to construct its railroad in Neptune avenue as against the right of the defendant The Coney Island and Brooklyn Railroad Company, as the agreed statement of fact is that the plaintiff, at the instance of the defendant The Coney Island and Brooklyn Railroad Company, had been restrained from constructing its railroad in such street. This being the *status* of the parties hereto, it is quite evident that

the right of the defendant The Coney Island and Brooklyn Railroad Company to operate its cars in the street was not subordinate to any rights possessed therein by the plaintiff, and this right, which the said defendant then had, would have entitled it to maintain and operate over such line either the cars it was then engaged in operating or the cars of any company whose line it might thereafter lease. This right is supported by the decisions in *Ingersoll* v. *Nassau Electric R. R. Co.* (157 N. Y. 453) and *Roddy* v. *Brooklyn City & Newtown R. R. Co.* (32 App. Div. 311). By the agreement entered into between these railroads the right of each company was made equal, not alone the right to operate such cars as it then possessed and operated, nor the right to operate cars of other railroads which it might thereafter lease, or which it might enter into trackage agreement with, but it was the right to make use of this track for the purposes of its business as fully and completely as it might make use of any other portion of its track, saving only that such use should not operate as an infringement upon the equal right of use held by the plaintiff. In other words, the right which each railroad company obtained by virtue of this agreement was to make use of this piece of road equally for all the purposes of use which the business of either company required either in the then existing condition or for future development. It is not claimed by the plaintiff that the act of the defendant The Coney Island and Brooklyn Railroad Company in anywise curtails its use of the road for all the purposes of its business, or that the use by the said defendant is of such a character as to deprive the plaintiff of the same use if it chooses to enjoy it. Such being the rights of the parties hereto, neither has the right to complain of the other, nor will there be any right of complaint until the act of one deprives the other of its opportunity to equal use of this track. *Brooklyn Crosstown R. R. Co.* v. *City R. R. Co.* (51 Hun, 600) and *Coney Island & B. R. R. Co.* v. *Brooklyn Cable Co.* (53 id. 169) have no application to this case. They each presented the ordinary case of a trackage agreement, by which one railroad obtained the right to the use of the tracks of another at an agreed compensation, and it was held that such arrangement did not operate to authorize the lessee to make use of the track for the operation of cars of other lines which it had subsequently leased.

We have no doubt that those cases were well decided. The question turned upon the construction of the agreement. So here the determination is upon the construction of an entirely different agreement, whereby the parties obtained an equal right to use this piece of track for all of the purposes for which they might find occasion, either in their business, which then existed, or in their subsequent development and extension, there being no limitation, except that one may not be permitted to impair the right existing in the other.

It follows that the judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.