(28 Misc. Rep. 387.)

ROOSA v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Trial Term, Kings County. July, 1899.)

RAILROADS—OPERATION BY LESSEE.

A lessee operating a railroad is not subject to the provisions of Railroad Law, § 104, providing that when a railroad contracts with another for the use of its road, or a part thereof, one party to such contract shall carry, and that the other party shall permit any other party thereto to carry, a passenger for one single fare not higher than the fare lawfully chargeable by either of such corporations for adult passengers.

Action by James H. Roosa against the Brooklyn Heights Railroad Company to recover a penalty for refusing to transfer plaintiff from one to another of defendant's leased lines. Judgment for defendant.

Wm. F. Connell, for plaintiff.

C. A. Collin, for defendant.

MADDOX, J. The statutory authority to contract for the use of the road, or of a part thereof, of one railroad corporation by another such corporation involves the right to lease the same (Woodruff v. Railroad Co., 93 N. Y. 616; Beveridge v. Railroad Co., 112 N. Y. 21, 19 N. E. 489), and the distinction between such contracts—i. e. one for the use and the other a lease—is well recognized by judicial

authority and by legislative enactment. While all leases are con-
tracts, it is equally true that a contract for the use of a railroad, or
of a part thereof, is not a lease (Brooklyn Crosstown R. Co. v. Brook-
lyn City R. Co., opinion of the late Justice Pratt [Sup.] 3 N. Y.
Supp. 901, affirmed 51 Hun, 600, 3 N. Y. Supp. 901); and the great-
er formality in the execution of a contract if it shall be a lease
and for a longer "period than one year," required by section 78 of
the railroad law, as amended, may well be adverted to here.    As in
all contracts therein provided for, it must "be executed by the con-
tracting corporations under the corporate seal of each corporation,"
and "proved and acknowledged in such manner as to entitle the same
to be recorded"; and, further, "if such contract shall be a lease,
*   *   *   and for a longer period than one year," it "shall not be
binding and valid unless approved by the votes of stockholders own-
ing at least two-thirds of the stock of each corporation which is rep-
resented and voted upon in person or by proxy at a meeting, called
separately for that purpose upon a notice" therein also provided for
specifically as to contents and time and manner of service; and
again, that "there shall be indorsed upon the contract the certificate
of the secretaries of the respective corporations under the seals
thereof, to the effect that the same has been approved by such votes
of the stockholders." Reference to the various statutes upon this
subject preceding the revision thereof in the railroad law of 1892,
as now amended, would but tend to emphasize that distinction;
and, as was said in Ogdensburg R. Co. v. Vermont R. Co., 16 Abb.
Prac. (N. S.) 264: "Thus is presented a series of legislation in this
state   *   *   *   authorizing, recognizing, and regulating the use of
one railroad by another, partially or exclusively, by contract, lease,
or consolidation." In the one contract—that for the use—we have
the parties thereto using in common the road, or the part thereof,
embraced therein, the parties operating their cars respectively over
the same, the possession, however, remaining in the owner; while in
the other—the lease—the lessee has, subject only to the limitations,
restrictions, and conditions therein contained, the absolute and ex-
clusive use, enjoyment, and possession of the demised property, oper-
ating the road of the lessor corporation in the same manner that the
owner would but for such lease, and that is the case here. The de-
fendant is operating as lessee the various routes, including the Cross-
town and the Third Avenue branches, of the Brooklyn City Railroad
Company. That company is not operating its road. It has all been
leased to the defendant. A careful reading of section 104 of the
railroad law, as now amended, satisfies me that the contract there-
in referred to is a traffic agreement,—a contract for the use of a
railroad, or of part thereof, and not a lease. That section, in sub-
stance, provides that one party to such contract shall carry, and that
the other party "shall   *   *   *   permit any other party thereto to
carry," a passenger so desiring to ride "for one single fare not higher
than the fare lawfully chargeable by either of such corporations for
an adult passenger" between any two points on the railroads, or por-
tions thereof, embraced in such contract. Mark the language,
"chargeable by either of such corporations," and is it not clear that

the contemplation of the section is the operation by two corporations, at least, over the roads, or portions thereof, embraced in said contract? If that be not so, why compel the one party to "permit any other party thereto to carry" such passenger? The lessor corporation here, the Brooklyn City Railroad Company, cannot prevent the defendant from carrying such passenger between any two points on the roads embraced in said lease, and hence to compel that corporation to permit such carrying would, indeed, be an idle ceremony. Hence my conclusion is that the defendant, in operating as lessee the roads or routes embraced in the lease from the Brooklyn City Railroad Company, in evidence, is not subject to the provisions of section 104 of the railroad law, and the motion to dismiss is granted, plaintiff to have an exception thereto. If plaintiff desires to appeal, let there be a stay of execution pending such appeal, and plaintiff to have 30 days after service of notice of entry of judgment in which to make and serve his proposed case on appeal.