JAMES H. ROOSA, Plaintiff, *v.* THE BROOKLYN HEIGHTS RAILROAD COMPANY, Defendant.

(Supreme Court, Kings Trial Term, July, 1899.)

Railroads — A lessee corporation need not carry, for a single fare, passengers seeking passage or transfer from other leased lines.

> The provisions of the Railroad Law (Laws of 1890, chap. 565, § 104, as amended by Laws of 1892, chap. 676), requiring contracting corporations to carry passengers for one fare, between any two points on said railroads, apply only to corporations between whom a traffic agreement exists and are inapplicable to a corporation which has leased and is operating exclusively the line of another corporation.

ACTION to recover penalty, under section 104 of the Railroad Law, for refusing to transfer plaintiff from one to another of defendant's leased lines.

Wm. F. Connell, for plaintiff.

C. A. Collin, for defendant.

MADDOX, J.  The statutory authority to contract for the use of the road, or of a part thereof, of one railroad corporation by another such corporation involves the right to lease the same (Woodruff v. Erie R. Co., 93 N. Y. 616; Beveridge v. N. Y. El. R. R. Co., 112 id. 21), and the distinction between such contracts, *i. e.*, one for the use and the other a lease, is well recognized by judicial authority and by legislative enactment.

While all leases are contracts, it is equally true that a contract for the use of a railroad or of a part thereof is not a lease (Brooklyn Crosstown R. R. Co. v. Brooklyn City R. R. Co., opinion of the late Justice Pratt, 22 N. Y. St. Repr. 58; affd., 51 Hun, 600), and the greater formality in the execution of a contract if it " shall be a lease  *  *  *  and for a longer period than one year " required by section 78 of the Railroad Law, as amended, may well be adverted to here.

As in all contracts therein provided for, it must " be executed by the contracting corporations under the corporate seal of each corporation  *  *  * " and  " proved  and  acknowledged  in

such manner as to entitle the same to be recorded   *   *   * "
and further " if such contract shall be a lease   *   *   *   and
for a longer period than one year " it ",shall not be binding
and valid unless approved by the votes of stockholders owning at
least two-thirds of the stock of each corporation which is repre-
sented and voted upon in person or by proxy at a meeting, called
separately for that purpose upon a notice " therein also provided
for specifically as to contents and time and manner of service, and
again, that " there shall be indorsed upon the contract the certifi-
cate of the secretaries of the respective corporations under the seals
thereof, to the effect that the same has been approved by such
votes of the stockholders."

Reference to the various statutes upon this subject preceding
the revision thereof in the Railroad Law of 1892, as now amended,
would but tend to emphasize that distinction, and as was said in
Ogdensburg R. R. Co. v. Vermont R. R. Co., 16 Abb. (N. S.) 264:
" Thus is presented a series of legislation in this State,   *   *   *
authorizing, recognizing and regulating the use of one railroad
by another, partially or exclusively, by contract, lease or
consolidation."

In the one contract, that for the use, we have the parties thereto
using in common the road or the part thereof embraced therein,
the parties operating their cars respectively over the same, the
possession, however, remaining in the owner, while in the other,
the lease, the lessee has, subject only to the limitations, restrictions
and conditions therein contained, the absolute and exclusive use,
enjoyment and possession of the demised property, operating the
road of the lessor corporation in the same manner that the owner
would but for such lease, and that is the case here.

The defendant is operating as lessee the various routes, includ-
ing the Crosstown and the Third Avenue branches, of the Brook-
lyn City Railroad Company. That company is not operating its
road; it has all been leased to the defendant.

A careful reading of section 104 of the Railroad Law, as now
amended, satisfies me that the. contract therein referred to is a
traffic agreement, a contract for the use of a railroad or of part
thereof, and not a lease.

That section, in substance, provides that one party to such con-
tract shall carry and that the other party " shall   *   *   *   per-
mit any other party thereto to carry " a passenger so desiring to
ride " for one single fare not higher than the fare lawfully charge-

able by *either* of such corporations for an adult passenger " between any two points on the railroads or portions thereof embraced in such contract.

Mark the language " chargeable by either of such corporations," and is it not clear that the contemplation of the section is the operation by two corporations, at least, over the roads or portions thereof embraced in said contract? If that be not so, why compel the one party to " permit any other party thereto to carry " such passenger?

The lessor corporation here, the Brooklyn City Railroad Company, cannot prevent the defendant from carrying such passenger between any two points on the roads embraced in said lease and hence to compel that corporation to permit such carrying would indeed be an idle ceremony.

Hence my conclusion is that the defendant in operating, as lessee, the roads or routes embraced in the lease from the Brooklyn City Railroad Company, in evidence, is not subject to the provisions of section 104 of the Railroad Law and the motion to dismiss is granted, plaintiff to have an exception thereto.

If plaintiff desires to appeal, let there be a stay of execution pending such appeal, and plaintiff to have thirty days after service of notice of entry of judgment in which to make and serve his proposed case on appeal.

Ordered accordingly.