(31 Misc. Rep. 674.)

## McNULTY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Special Term, Kings County. June, 1900.)

1. STREET RAILROADS—FARES—AMOUNT CHARGEABLE.

Laws 1884, c. 252, § 13, as amended by Laws 1897, c. 688, § 101, provides that no corporation constructing and operating a railroad under such act shall charge any more than five cents fare on any line owned or operated by it within the limits of any incorporated city. *Held*, that a street-railway company organized under such act could not charge more than a five-cent fare within the city limits, whether it operated its own lines, or leased other lines, whose owners had a right to charge a higher rate.

2. SAME—PARTIES—PRIVATE CITIZEN—RIGHT TO REPRESENT PUBLIC.

A private citizen may not maintain an action to enjoin a street-car company from charging an excessive fare, since he suffers no injury not in common with the whole people; the remedy being by Code Civ. Proc. § 1798, in an action by the attorney general to vacate its charter.

Action by Peter H. McNulty against the Brooklyn Heights Railroad Company. Motion for injunction. Denied.

Ward & Baldwin, for plaintiff.
Sheehan & Collin, for defendant.

DICKEY, J. The claim of the plaintiff that the defendant, a street surface railroad corporation, incorporated in 1887, is not entitled to charge more than five cents fare for one continuous ride within the limits of the city of New York from any one point on its road, or on any road, line, or branch operated by it or under its control, to any other point thereof, seems to me to be well founded, and the charging of a ten-cent fare over parts of the line of road operated by it is an illegal act, and without warrant in law, and contrary to the prohibition of the law under which it was organized and under which it is being operated. The defendant company was incorporated under chapter 252 of the Laws of 1884,—the general surface railroad act. Its very existence, and all its rights and privileges as a public carrier, are regulated and restrained by that act and subse-

quent amendments thereto. Section 13 of that act regulates fares
to be charged. Amendments were made by chapter 565, § 101, Laws
1890; by chapter 676, § 101, Laws 1892; and by chapter 688, § 101,
Laws 1897; and the provisions of the railroad law, as now in force,
regulating rate of fares to be charged by this defendant, read as fol-
lows:

"Sec. 101. Rate of Fare. No corporation constructing and operating a rail-
road under the provisions of this article, or of chapter two hundred and fifty-
two of the Laws of Eighteen Hundred and Eighty-Four, shall charge any
passenger more than five cents for one continuous ride from any point on its
road, or on any road, line or branch operated by it, or under its control, to any
other point thereof, or any connecting branch thereof, within the limits of any
incorporated city or village. Not more than one fare shall be charged within
the limits of any such city or village, for passage over the main line of road
and any branch or extension thereof if the right to construct such branch or
extension shall have been acquired under the provisions of such chapter or of
this article; except that in any city of the third class, or incorporated village,
it shall be lawful for such corporation to charge and collect as a maximum
rate of fare for each passenger ten cents, where said passenger is carried in a
car which overcomes an elevation of at least four hundred and fifty feet within
a distance of one and a half miles. This section shall not apply to any part of
any road constructed prior to May six, eighteen hundred and eighty-four, and
then in operation, unless the corporation owning the same shall have acquired
the right to extend such road, or to construct branches thereof under such
chapter, or shall acquire such right under the provisions of this article, in
which event its rate of fare shall not exceed its authorized rate prior to such
extension. The legislature expressly reserves the right to regulate and reduce
the rate of fare on any railroad constructed and operated wholly or in part
under such chapter or under the provisions of this article."

As this surface railroad act confers many rights and privileges on
corporations formed under its provisions, so it contains a few re-
strictions; and the burdens of these limitations go with the benefits
conferred, and belong to the operation of the road,—the part limiting
the rate of fare to be charged, just as much as the valuable rights
given to the corporation by the act. To my mind, it is the clear
intent of the street surface railroad law to limit fare to five cents
for a continuous ride from any one point of a city to any other
point in the same city, without regard to whether in the operation
of the road the company confines its operations to its own line, or
operates leased lines in addition to its own in that territory. The
statute has to do with the operated road or roads within the terri-
tory by any one company, and is not concerned with present or former
ownership or name of the corporation, or act under which the corpora-
tion was formed. The exception in the act from limitations to five-
cent fares of roads constructed prior to May 6, 1884, is plainly ap-
plicable only to such roads as were in existence then, and are now
operated by their owners, and does not apply to lessees, such as this
defendant, which is in business under its own charter, with all the
benefits thereof, and subject as well to the limitations thereof, in-
cluding the five-cent fare. The fact that some of the leased lines
were formerly operated by others, who had rights because of the in-
corporation of the companies under a different legislative act, does
not permit this defendant, which is governed by the street surface
railroad act in its operations, to disregard the mandate of the act under
which it was created,—that it must not charge more than a five-

cent fare on any and all roads operated by it from one point to another within this city.   Because the other road operated by its owner might do it, it does not follow that this defendant, operating it as a leased road, may disregard the injunctions of the act which gave it birth, and which forbids it to make a greater charge than five cents.   The lease was taken and the road was put in operation with full knowledge of the amount of fare permitted, and, if the burden was too great, it should not have been assumed.   It is claimed that the Nassau road received consent of the city authorities to use the streets of the city on the promise not to charge more than a five-cent fare.   It may be, and probably is, true that no city in the world has such cheap rates of fare, distance considered, even at the ten-cent rate, but this does not excuse a violation of the statute.   The legislature, in its wisdom, has fixed the rate at five cents, and such it must remain until changed by it. The lawmakers expressly reserved the right in the act itself to reduce the rates below five cents.

But, while I hold that the charge of a ten-cent fare is unauthorized, I must deny this motion for an order enjoining and restraining the defendant from charging the excessive fare, because this plaintiff cannot maintain this action in behalf of the whole people, where the injury to him is in common with others; he not being distinguished from others by being specially damaged in a way not common to them.   He cannot maintain it as a taxpayer's action, as that action has to do alone with towns, villages, cities, and counties.   The only remedy he personally has is by an action to recover back any excessive fare paid by him, but the law gives a remedy to all injured by section 1798 of the Code of Civil Procedure, in an action by the attorney general of the state to vacate or annul the charter of any corporation which offends against any provision of an act by or under which it was created.   The legislature made the attorney general the medium to redress the wrongs common to thousands of people, and has not passed any law in such matters as this permitting any one individual citizen or taxpayer to stand for all in the enforcement of their rights or to redress their wrongs.

Motion denied.