Fulton Light, Heat and Power Company, Plaintiff, *v.* Seneca River Power Company, Defendant.

Supreme Court, Oswego County, December, 1922.

Injunction — public service corporations — right of one electric corporation to maintain a suit to enjoin a competitor from erecting and maintaining a generating plant and lines in its territory without having obtained the consent of the Public Service Commission.

The general rule that when a corporation is exercising powers not granted to it or is exercising powers granted to it without complying with the conditions precedent to such exercise or is otherwise violating the law, the corporation may be restrained or prevented by direct action on the part of the government creating the corporation, usually through its attorney-general, is subject to the exception that an injunction may be obtained by an individual or a corporation when special injury is shown.

The plaintiff, an electrical corporation, has complied with all the provisions of law to entitle it to sell electricity for light, heat and power in the city of Fulton. The defendant is also an electrical corporation entitled to supply electricity in certain localities in Oswego county and is possessed of all the rights and properties of the Oswego River Power Transmission Company, another electrical corporation, which by proper proceedings has been merged with the defendant. The Oswego River Power Transmission Company obtained a franchise from the local authorities of the city of Fulton, permitting it, among other things, to erect poles, wires, etc., for the purpose of distributing electricity to the inhabitants of said city. Under section 68 of the Public Service Commission Law the Oswego River Power Transmission Company made an application to the public service commission for consent to the erection of the plant necessary for the exercise of such franchise and for its approval of such franchise, but such application was denied. The said Oswego River Power Transmission Company obtained from the public service commission permission to exercise a franchise granted by the superintendent of public works of the state of New York to erect a transmission line upon state land in Fulton, which consent was for a limited time which has expired and the wires and appliances used in such exercise have been removed. No other permission has been granted by the public service commission either to said corporation or to defendant to exercise a franchise for the sale or distribution of electricity or to construct and maintain transmission lines within the city of Fulton. *Held*, that under a complaint alleging such facts and further that notwithstanding the failure to receive such permission, the defendant has begun the erection of a plant and is engaged in selling and distributing electricity for light, heat and power purposes within said city of Fulton, in competition with plaintiff, to its great damage, the plaintiff has a standing in a court of equity for relief to restrain the maintenance of defendant's plant and to enjoin it from distributing and selling electricity to the public in Fulton for light, heat and power purposes.

A motion to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action denied, with leave to defendant to answer.

An order may be entered continuing the temporary injunction as modified by agreement of the parties until the determination of the action.

Motion by plaintiff for injunction. Motion by defendant under rule 106 of the Rules of Civil Practice for a dismissal of the complaint.

*George M. Fannin* and *Udelle Bartlett,* for plaintiff.

*Oscar J. Brown* and *Eugene M. White,* for defendant.

CHENEY, J.  Plaintiff brings this action demanding judgment that the defendant be enjoined from maintaining a plant or from distributing and selling electricity to the public in the city of Fulton, N. Y., for light, heat or power purposes.  It appears from the complaint that the plaintiff is an electrical corporation and has complied with all the provisions of law to entitle it to sell electricity for light, heat and power in the city of Fulton; that the defendant is also an electrical corporation entitled to supply electricity in certain localities in Oswego county, and is possessed of all the rights and property of the Oswego River Power Transmission Company, another electrical corporation, which by proper proceedings has been merged into it; that the Oswego River Power Transmission Company obtained a franchise from the local authorities of the city of Fulton, permitting it, among other things, to erect poles, wires, etc., for the purpose of distributing electricity to the inhabitants of said city; that the said Oswego River Power Transmission Company made application to the proper public service commission under section 68 of the Public Service Commission Law for consent to the erection of the plant necessary for the exercise of such franchise and for its approval of such exercise, and that such public service commission denied said application; that said Oswego River Power Transmission Company obtained from the public service commission permission to exercise a franchise granted by the superintendent of public works of the state of New York to erect a transmission line upon state land in Fulton, which consent was for a limited time, which has expired and the wires and appliances used in such exercise have been removed; that no other permission has been granted by the public service commission to either the Oswego River Power Transmission Company or the defendant to exercise a franchise for the sale or distribution of electricity, or to construct or maintain transmission lines within the city of Fulton; that notwithstanding the failure to receive such permission, the defendant has begun the erection of a plant and is engaged in selling and distributing electricity for light, heat and power purposes within said city of Fulton, in competition with plaintiff, to its great damage.  .

The plaintiff procured a temporary injunction restraining the defendant until the further order of the court from selling or furnishing within the city of Fulton, to the inhabitants thereof, electricity for light, heat and power purposes, except such as was then being furnished for manufacturing purposes, together with an

order to show cause why the injunction should not be continued during the pendency of the action. The injunction order was subsequently modified so as to permit the defendant to continue to supply its then customers until the determination of the motion for the continuance of the injunction. The matter is now here upon the order to show cause.

The defendant has moved under rule 106 of the Rules of Civil Practice for a dismissal of the complaint on the ground that it does not state facts sufficient to constitute a cause of action, the defect appearing on the face of the complaint, which motion was returnable at the same time. Both motions will be considered together, for if the defendant is successful in its attack upon the complaint, the motion for an injunction must necessarily fall.

The question to be determined is, can the plaintiff maintain this action? The sole claim made by the complaint is that the defendant in building its plant and selling electricity within the city of Fulton is violating section 68 of the Public Service Commission Law, which provides, among other things that " no * * * electrical corporation shall begin construction of an * * * electric plant without first having obtained the permission and approval of the commission. No such corporation shall exercise any right or privilege under any franchise hereafter granted, or under any franchise heretofore granted but not heretofore actually exercised, * * * without first having obtained the permission and approval of the commission."

The general rule is that when a corporation is exercising powers not granted to it or is exercising powers granted to it without complying with the conditions precedent to such exercise, or is otherwise violating the law, these are matters of public interest and can only be restrained or prevented by direct action by the government creating the corporation, usually through the attorney-general, and not by a private individual or corporation (*Matter of Brooklyn Elevated R. Co.*, 125 N. Y. 434; *Trelford* v. *Coney Island, etc., R. Co.*, 5 App. Div. 464; *People ex rel. Lehmaier* v. *Interurban R. Co.*, 85 id. 407; *McNulty* v. *Brooklyn Heights R. R. Co.*, 31 Misc. Rep. 674), but this rule is subject to the exception that an injunction may be obtained by an individual or a corporation when special injury is shown.

The act (Public Service Commission Law) which imposes this condition to the exercise by the defendant of the powers granted to it by virtue of its incorporation, also provides methods for compelling obedience to it. Section 73 imposes a penalty for every violation of the provisions of the law, and section 74 provides a summary method by which violations of the law may be restrained. The section reads as follows: " Whenever the com-

mission shall be of opinion that a gas corporation, electrical corporation or municipality within its jurisdiction is failing or omitting or about to fail or omit to do anything required of it by law or by order of the commission or is doing anything or about to do anything or permitting anything or about to permit anything to be done, contrary to or in violation of law or of any order of the commission, it shall direct counsel to the commission to commence an action or proceeding in the supreme court of the state of New York in the name of the commission for the purpose of having such violations or threatened violations stopped and prevented either by mandamus or injunction."

My attention has not been called to any decision holding directly that those remedies given by the statute are exclusive, although it has been held in construing section 57 of the act which provides a similar remedy in case of violation by a railroad company, that a mandamus applied for by an individual to compel the performance by a railroad company of its statutory duty should be denied in the exercise of the discretion of the court, where upon application to it the public service commission had declined to proceed. *People ex rel. Karl* v. *United Traction Co.*, 145 App. Div. 645.

On the contrary, there are a number of cases where injunctive relief has been granted at the suit of the corporation already occupying the field restraining the operation of a competitor who has failed to obtain the consent of the public service commission to the exercise of its franchise. *Brooklyn City R. Co.* v. *Whalen*, 191 App. Div. 737; *United Traction Co.* v. *Smith*, 115 Misc. Rep. 73; *Niagara Gorge R. Co.* v. *Gaiser*, 109 id. 38; *Darling* v. *Darling*, 118 id. 817.

In *Brooklyn City R. Co.* v. *Whalen (supra)*, which was an action by a street railroad corporation to restrain the operation of bus lines in competition with its cars without the approval of the public service commission as required by section 25 of the Transportation Corporations Law, the court said at page 743: "The plaintiff plainly suffers a special injury from the competition of these stage lines and from the added obstruction to the operation of its cars under its franchise. Even if the purpose of establishing the lines is not to injure the plaintiff in the exercise of its legal rights, it has that effect. * * * The plaintiff, having a franchise to operate in the public streets, suddenly finds its most profitable lines paralleled by stages operating under the control of the defendant, without authority of law, and without having obtained a certificate of public convenience and necessity. I think the plaintiff has a standing in a court of equity for relief."

Defendant contends that if the plaintiff has any rights which entitle it to the protection of a court of equity those rights

are conferred upon it by the Public Service Commission Law, and that as the same law which confers the right also prescribes the particular method of procedure for the enforcement of it, such provision furnishes the exclusive remedy, and it must be followed, and cites in support of the contention *Dudley* v. *Mayhew*, 3 N. Y. 9; *Matter of N. Y., L. E. & W. R. Co.*, 110 id. 374; *Eckes* v. *Stetler*, 98 App. Div. 76; *Woollcott* v. *Shubert*, 169 id. 194.

The weakness of the argument lies in the fact that while it may be true that section 68 of the Public Service Commission Law gives to the electrical corporation already occupying a particular field and adequately meeting the needs of the community served at fair and reasonable rates, the right to be protected from competition without the consent of the commission, the law fails to confer upon such corporation a remedy which it may invoke to protect such right. It is true that the commission itself may act, but no right is conferred on the corporation to set the commission in motion. Provision is made for the initiation of proceedings before the commission by complaints by individuals, corporations and municipalities interested to redress certain wrongs in the operations of corporations subject to its control (Pub. Serv. Comm. Law, § 66, subds. 5, 12, 14; Id. § 71), but these do not refer to proceedings under sections 73 or 74. While as a courtesy the commission might give attention to complaints of such violations, no remedy by application to the commission is conferred which could be enforced by certiorari if the commission acted wrongly or omitted to act at all.

But the question is not open to an argument here, as this court must be bound by the decision in *Brooklyn City R. Co.* v. *Whalen, supra.*

The motion to dismiss the complaint is denied, with costs, with leave to the defendant to answer within ten days after the service of the order, upon payment of such costs.

The parties have already agreed to a modification of the original temporary injunction herein so as to permit the continuance of the service which was being rendered by the defendant at the time such injunction was granted until the determination of this motion. A term of court at which this case can be tried is appointed to be held in February next. No great harm can come to the plaintiff if the same service be continued during that short time. An order may be made continuing the temporary injunction as so modified until the determination of the action, with the proviso that, if the case is not tried at the February term, a motion may be made for a further modification.

Ordered accordingly.