MAUD C. GRAY and Others, Plaintiffs, *v.* ISLAY V. H. GILL, Individually and as Executor, etc., of HARRY C. GRAY, Deceased, and as Substituted Trustee under the Last Will and Testament of HENRY GRAY, Deceased, and Others, Defendants.

Supreme Court, Rensselaer Special Term, April 18, 1925.

Executors and administrators — acts of executors — action to set aside sale by executor of electric corporation stock — stock sold was controlling interest in corporation — executor was president of corporation at time of sale of its stock to another electric corporation — executor had much higher offer for stock — executor's salary as president of corporation was doubled immediately after sale — question whether sale was not fraudulently made as to both executor and purchaser — sale is invalid under Public Service Commission Law, § 70, it not having been authorized by Public Service Commission — sale was criminal as to executor and penalized as to corporation under Public Service Commission Law, §§ 58 and 73 — summary remedy provided by Public Service Commission Law, § 74, not applicable — injunction pendente lite granted.

In an action to set aside a sale by an executor of the controlling interest in the corporate stock of an electric corporation to another electric corporation, fraud on the part of the executor, if not on the part of the purchaser of the stock, is shown by evidence to the effect that the executor at the time of the sale was the president of the corporation whose stock he sold as executor; that at that time he had a much higher offer for the stock from another corporation; and that immediately after the sale his salary as president of the corporation was doubled.

But whether or not the sale of the stock was conceived and executed in fraud and in violation of the executor's duty, it was void under section 70 of the Public Service Commission Law, inasmuch as it was not authorized by the Public Service Commission.

Furthermore, the sale constituted a crime, so far as the executor was concerned, and was subject to a penalty against the corporation, under sections 58 and 73 of the Public Service Commission Law.

The summary remedy provided by section 74 of the Public Service Commission Law is not suitable to the circumstances in this case, and the plaintiffs had the right to maintain an action in equity to have the sale set aside and indeed the court could enjoin the Public Service Commission from approving the transfer.

Accordingly, an injunction *pendente lite* restraining and enjoining the transfer of the stock upon the books of the corporation is continued during the pendency of the action.

APPLICATION for an injunction *pendente lite*.

*Murphy, Aldrich & Guy* [*Thomas H. Guy* of counsel], for the plaintiffs.

*Daniel F. Imrie*, for the defendant corporations.

COFFEY, J.:

This is an action brought to rescind the sale to the defendant Adirondack Power and Light Corporation by Islay V. H. Gill, as executor of the last will and testament of Harry C. Gray, deceased, of 1,042 shares of the capital stock of the defendant Consolidated Electric Company, and the sale to the same corporation by the said Gill, as substituted trustee under the last will and testament of Henry Gray, deceased, of 75 shares of the capital stock of the said Consolidated Electric Company. He was president of the latter corporation at the time of the sales. Those shares constitute the majority of the stock of the Consolidated Electric Company. The plaintiffs are beneficiaries named in said wills. They complain that the transfers of the stock by Gill, as such executor and as such trustee, were fraudulent and void. The plaintiffs procured a temporary injunction restraining and enjoining the transfer of the stock upon the books of the Consolidated Electric Company, together with an order to show cause why the injunction should not be continued during the pendency of the action. The matter is now here upon the order to show cause.

The plaintiffs allege that Gill, as executor and as trustee, had an offer of $228.57$\frac{1}{7}$ per share for the stock from the Associated Gas and Electric Company at the very time when he sold the stock at $182 per share to the defendant Adirondack Power and Light Corporation. That allegation is made expressly and not upon information and belief; and it is supported by the affidavit of Brodie G. Higley who claims to have made the offer. It was Gill's duty to obtain the highest price that he could obtain for the stock. If he did not do so, he violated the duty imposed upon him as representative of the estates committed to his care. If the allegation and the supporting affidavit are true, the logical conclusion to draw from his alleged conduct is that it must have been to his individual profit or advantage to sell at a lower figure than that which he was offered. And that conclusion is supported by the admitted fact that shortly after the transfer of the stock to the Adirondack Power and Light Corporation his annual salary, as president of the defendant Consolidated Electric Company, was

increased from $5,000 to $10,000. A sale made by him under such circumstances would be fraudulent, and the inference to be drawn from such sale, when he had at the time a higher offer for the stock, coupled with the fact that his salary was doubled when the defendant Adirondack Power and Light Corporation had the controlling interest in the capital stock of the Consolidated Electric Corporation,— negotiations for such increase having been made with the general manager of the Adirondack Power and Light Corporation, as appears by the manager's affidavit,— would raise a question as to the guilty knowledge of, and participation by the Adirondack Power and Light Corporation in the fraud, if any, committed by Gill. Whether or not the sale of the stock by the defendant Gill was conceived and executed in fraud, and in violation of his duty, it was prohibited by statute.

The Public Service Commission Law (§ 70, as amd. by Laws of 1921, chap. 134) provides: " No gas corporation or electrical corporation   *   *   *   shall directly or indirectly acquire the stock or bonds of any other corporation incorporated for, or engaged in, the same or a similar business, or proposing to operate or operating under a franchise from the same or any other municipality,   *   *   * unless authorized so to do by the commission." The defendant corporations are engaged in the same or a similar business.

And the transfer was void because it was so declared by the same section of the statute. " Every contract, assignment, transfer or agreement for transfer of any stock by or through any person or corporation to any corporation, in violation of any provision of this chapter shall be void and of no effect, and no such transfer or assignment shall be made upon the books of any such gas corporation, or electrical corporation, or shall be recognized as effective for any purpose." And any one who procured, aided or abetted in the violation of that provision was guilty of a misdemeanor, and the corporation which violated it was subject to " forfeit   *   *   * a sum not exceeding one thousand dollars." (Pub. Serv. Comm. Law, § 58. See, also, § 73.)

It appears, therefore, that transfers were made which were prohibited by statute, which were void, and to which there attached criminal and penal liabilities.

It is proper that a court of equity exercise its enjoining powers to prevent the making effective of such transfers; and the court could enjoin the Public Service Commission from approving the transfers.

The defendant Adirondack Power and Light Corporation in the brief filed in its behalf makes more than one reference to the propriety of making such a transfer with the approval of the Com-

mission. The statute does not give the Commission the power to approve a transfer already made. The word " approve " has a broader significance than the word " authorize." To " approve " is to ratify or confirm a thing already done, or to sanction a thing that may be done in the future. But to " authorize " is to permit a thing to be done in the future. After the act one may not authorize it, although he may approve it. It will be seen from an examination of the section that an electrical corporation is prohibited from acquiring the stock of a like corporation " unless authorized so to do by the commission." (Pub. Serv. Comm. Law, § 70, as amd. by Laws of 1921, chap. 134). The Commission's power is to " authorize." It cannot " approve " that which the statute prohibits, nor make valid that which is declared to be void and of no effect. It cannot sanction a violation of the statute which if committed by an individual constitutes a crime, and which if committed by the corporation itself subjects it to a penalty or forfeiture.

It is, at the most, questionable whether or not the summary proceedings provided for in section 74 of the law have any application to the matter herein. The proceedings which are contemplated by that section are apparently predicated upon the present act, or upon the failure or omission of a corporation to do an act contrary to or in violation of law or of any order of the Commission. The proceedings are not designed to meet a situation which has already been effected. In this case the stock has been sold to the defendant Adirondack Power and Light Corporation. It is not being sold, or apt to be sold, and the plaintiffs have the right to ask the aid of a court of equity instead of seeking to invoke the institution of the proceedings provided for by section 74. (*Fulton Light, Heat & Power Co.* v. *Seneca River Power Co.,* 119 Misc. 729; affd., 206 App. Div. 731.)

Without any desire to prejudge the merits of this case I think that the application for a continuance of the injunction *pendente lite* should be granted, upon the giving of an undertaking by plaintiffs in the sum of $5,000.