THE TOWN OF BROOKSVILLE, A MUNICIPAL CORPORATION, AND W. W. THOMPSON, *Appellants*, v. THE FLORIDA TELEPHONE COMPANY, A CORPORATION, *Appellee.*

Opinion Filed April 2, 1921.

1. By Chapter 6525, Acts of 1913, power is given the Railroad Commission to regulate rates, tolls, contracts and charges of telephone companies doing business in this State.

2. The business of a telephone company as usually conducted is so affected by public interest as to permit its reasonable regulation by public authority.

3. Rates or tolls to be charged by a public service corporation for services rendered, fixed by a municipality by ordinance as an incident to the granting of a franchise to it by such municipality, are subject to legislative control.

An Appeal from the Circuit Court for Hernando County; W. S. Bullock, Judge.

Affirmed.

*J. C. Davant, Jr.,* for Appellants;

*E. E. Voyle,* for Appellee.

WEST, J.—The Town of Brooksville and a resident citizen of the town by bill in equity sought to enjoin the Florida Telephone Company, a corporation, from charging complainants and others higher rates for telephone service in the town than the maximum rates fixed for such service in the franchise from the town to defendant's predecessor by which the right to conduct such business was granted.

The defendant in its answer admitted that it was charging for the service rendered higher rates than the maximum rates fixed in the franchise ordinance for such service, but averred that it did so pursuant to an order of the Railroad Commission of the State, acting in conformity with the provisions of Chapter 6525, Acts of 1913, Laws of Florida, and the rates being charged were the rates allowed and fixed for the service by such order, made at a hearing before the Railroad Commission subsequently to the enactment of the franchise ordinance, notice of which hearing had prevously thereto been duly given.

Complainants sought to have the paragraph of the answer setting up this defense stricken, but the motion to strike was denied and this appeal was taken from the òrder denying motion. This order is assigned as error.

By Chapter 6525 power is given the Railroad Commission to regulate rates, tolls, contracts and charges of telephone companies doing business in this State. That the business of defendant is so affected by public interest as to permit its reasonable regulation by public authority is not disputed. This court has held that rates or tolls to be charged by a public service corporation for services rendered, fixed by a municipality by ordinance as an incident to the granting of a franchise to it by such municipality, are subject to legislative control. The averments of the answer, therefore, to the effect that the increase in rates charged by defendant was in accordance with an order of the Railroad Commission duly made, notwithstanding the franchise ordinance relied on by complainants, set up a good defense to the bill of complaint and the order overruling the motion to strike this paragraph of the answer is affirmed upon authority of State v. Rail-

road Commission, 79 Fla. 526, 84 South. Rep. 444; State
v. Burr, 79 Fla. 290, 84 South. Rep. 61; City of Tampa v.
Tampa Waterworks Co., 45 Fla. 600, 34 South. Rep. 631;
State v. Jacksonville Terminal Co., 41 Fla. 377, 27 South.
Rep. 225. See also Dubuque Electric Co. v. Dubuque,
171 C. C. A. 219, 260 Fed. Rep. 353, 10 A. L. R. 495.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J.,
concur.