EAST FLORIDA TELEPHONE COMPANY, *Appellant,* v. SEABOARD AIR LINE RAILWAY COMPANY, *Appellees.*

Opinion Filed April 7, 1923.

1. The establishment of a telephone line of poles and wires upon a railroad right of way without consent or compensation duly secured is unlawful, and such establishment may under cir-

cumstances affording an equity be enjoined if timely and appropriate proceedings be duly taken.

2. Where the statutes give a telephone company a right of eminent domain to condemn the use of a portion of a railroad right of way for placing poles thereon so as not to interfere with railroad operations, and a telephone line is without permission or condemnation, constructed on a railroad right of way and used for telephone purposes for a considerable and indefinite period of time, the railroad company protesting but taking no steps in the premises, and no special equity being shown, a mandatory injunction should not issue to require the removal of the poles from the railroad right of way, no interference with the running of trains being alleged and there being an adequate remedy at law for the trespass.

An Appeal from the Circuit Court for Alachua County; A. V. Long, Judge.

Reversed without prejudice.

*Robert W. Davis,* for Appellant;

*Hampton & Hampton,* for Appellee.

WHITFIELD, J.—In a bill in equity brought by the railway company against the telephone company, it is alleged "that the defendant company was incorporated under the laws of the State of Florida on or about the 23d day of November, A. D. 1904, and some years thereafter, the precise date being unknown to orator, without instituting condemnation proceedings and without obtaining consent of complainant and in defiance of complainant's protest, constructed and erected and began the use of that certain line of telephone poles and two wires suspended thereon by brackets, which poles are spaced approximately —— feet apart and are on the eastern side of the main

line of Seaboard Air Line Railway Company and on the right of way of said railway company extending from Orange Heights in Alachua County, Florida, to Lochloosa, in said county. * And the said defendant company is now using the same for the transmission of telephone messages and as a part of its system of telephones within the State of Florida;" * and that it "is an extra and excessive incumbrance and burden upon the said right of way" of complainant.

The prayer is:

"First: That an account may be had and taken by and under the direction and decree of this Honorable Court as to the truth of the allegations of this bill, and that the defendant, East Florida Telephone Company, a corporation under the laws of the State of Florida, may be decreed to have placed and erected its poles upon the right of way of your orator, as alleged in this bill, and to have strung its wires over, along, and across your orator's right of way without first having condemned the property and compensated your orator therefor, and without the consent of your orator.

"Second: That upon final hearing of this cause your orator may have a mandatory injunction requiring the defendant to remove its poles off of your orator's right of way between Orange Heights, in Alachua County, Florida, and Lochloosa, in Alachua County, Florida, and to remove its wires off of the said right of way within a reasonable time, to be therein named and limited.

"Third: May it please Your Honor to grant unto your orator such other and further relief herein as may seem agreeable to equity and good conscience, and as the circumstances of the case may justify and warrant."

An appeal was taken from an order overruling a demurrer to the bill of complaint.

Section 4374, Revised General Statutes, 1920, originally Section 1, Chapter 5211, Acts of 1903, provides that "any telegraph or telephone company now organized, or which may hereafter be organized under the laws of this or any other State, shall have the right to construct, maintain and operate lines of telegraph or telephone along and upon the right-of-way of any railroad in the State, and to that end are hereby granted all powers for the exercise of the right of eminent domain: Provided, That ordinary travel or use of said railroad is not interferred with by reason thereof; And provided further, That no pole shall be erected nearer than twenty feet from the outer edge of the track, unless by the consent of the railroad company."

Other sections prescribe the procedure in exercising the granted right of eminent domain.

The establishment of a telephone line of poles and wires upon a railroad right of way without consent or compensation duly secured is unlawful, and such establishment may under circumstances affording an equity be enjoined if timely and appropriate proceedings be duly taken. Moody v. Jacksonville, T. & K. W. R. Co., 20 Fla. 597; Seaboard Air Line Ry. v. Southern Inv. Co., 53 Fla. 832, 44 South. Rep. 351; City of Ocala v. Anderson, 58 Fla. 415, 50 South. Rep. 572; Indian River Steamboat Co. v. East Coast Transp. Co., 28 Fla. 387, 10 South. Rep. 480; 20 C. J. 1172. But the statute gives the telephone company the right of eminent domain in such a case, and after the telephone line has been constructed on the right of way and so used for a considerable and indefinite period of time, the railroad company protesting but taking no timely steps to enjoin such construction and use until consent or compensation has been secured, a bill praying a mandatory injunction for the removal of the telephone

poles and wires from the railroad right of way is subject to demurrer, where no special and irreparable injury or other equity is shown, the plaintiff having adequate remedy in a right of action to recover the full value of the portion of its right of way that is appropriated by the telephone company. See Pensacola & A. R. R. Co. v. Jackson, 21 Fla. 146; Jacksonville, T. & K. W. Ry. Co. v. Lockwood, 33 Fla. 573, 15 South. Rep. 327; Jarrett Lumber Corp. v. Christopher, 65 Fla., 379, 61 South. Rep. 831; Florida Southern R. Co. v. Hill, 40 Fla. 1, 23 South. Rep. 566; Tampa Electric Co. v. Heidt, 82 Fla. 176, 89 South. Rep. 431; 28 Cyc. 1128 Notes; Carney v. Hadley, 32 Fla. 344, 14 South. Rep. 4; 36 L. R. A. (N. S.) 832 Notes; 20 C. J. 1180. A different rule may apply where there is no right of eminent domain in the trespasser or where special equities appear to warrant injunctive relief. No obstruction of the complainant's right of way or damage to trains or irreparable injury is alleged.

The order overruling the demurrer to the bill of complaint is reversed without prejudice to an amendment to conform to the procedure approved in Florida Southern R. Co. v. Hill, 40 Fla. 1, 23 South. Rep. 566; Tampa Electric Co. v. Heidt, 82 Fla. 176, 89 South. Rep. 431, or to an action to recover as damages the value of the right of way appropriated by the defendant as the facts may warrant.

If ejectment be brought to recover the portion of the right of way appropriated by the telephone company (15 Cyc. 25), the right conferred by the statute to condemn a right of way for the telephone line would remain. See Jacksonville, T. & K. W. Ry. Co. v. Adams, 28 Fla. 631, 10 South. Rep. 465. See also Mobile & O. R. Co. v. Postal Tel. Cable Co., 76 Miss. 731, 26 South. Rep. 370; 10 R. C. L. 152; 20 C. J. 747; Northern Pacific Ry. Co. v. North

American Tel. Co., 230 Fed. Rep. 347, L. R. A. 1916E 572 and Notes; Illinois Telegraph News Co. v. Meine, 242 Ill. 568, 90 N. E. 230, 26 L. R. A. (N. S.) 189, and Notes.

Reversed without prejudice.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, J. J., concur.