**ST. JOSEPH TELEPHONE & TELEGRAPH COMPANY, a corporation, v. SOUTHEASTERN TELEPHONE COMPANY.**

5 So. (2nd) 55                                    Division A
December 12, 1941

H. H. Wells, and Weldon G. Starry, for petitioner.
W. J. Oven and W. J. Oven, Jr., for respondent.

WHITFIELD, J.:

In a suit brought by the Southeastern Telephone Company, it was in effect prayed that further construction of the poles and lines of the proposed telephone line of defendant, St. Joseph Telephone and Telegraph Company, be enjoined and restrained until some short day upon which a hearing can be set for the equities of this cause to be determined; that on final hearing the court will decree that defendant be permanently enjoined from constructing any telephone line into the territory now being served by plaintiff and in any territory whatsoever not authorized by law under the charter issued by the State of Florida to defendant, it being in effect alleged that defendant, St. Joseph Telephone and Telegraph Company, has no charter power under the laws of Florida to construct, maintain and/or operate a telephone line between the points and places sought or anywhere else in Leon or Wakulla counties, Florida, and that defendant has begun the erection of poles from a Wakulla county point towards Tallahassee in Leon County, Florida.

The Circuit Judge on May 24, 1941, ordered, adjudged and decreed that the defendant, its attorneys, agents and servants be and are severally enjoined and restrained from further proceeding with the construc-

tion of said telephone line or any part thereof in Leon or Wakulla counties until a further hearing in this cause. On May 27, 1941, the court continued the restraining order in full force and effect until further order of the court. A motion to dissolve the temporary restraining order and to dismiss the bill of complaint on grounds going essentially to the equity of the bill, and not specifically to the right of the plaintiff to maintain this suit, was denied May 31, 1941.

Later defendants move to dissolve the temporary restraining order and to dismiss the bill of complaint upon grounds previously presented and also upon additional grounds: (1) plaintiff does not show any specific right in itself to the relief sought; (2) injunction is not the proper remedy: (3) plaintiff is not a proper plaintiff to bring this suit; (4) plaintiff does not show any clear legal right to the relief sought. On June 13, 1941, the court decreed that said motion be denied.

Defendant entered an appeal from the three orders or decrees of May 24, May 31, and June 13, 1941.

Upon filing the record and briefs and oral argument on the merits in this court, application was made for an interlocutory writ of certiorari under Rule 34 to review the three orders last above referred to.

The four questions for discussion stated by the petitoner under the rules are:

"Does a public service corporation, with a franchise to do business in a certain locality, but not an exclusive franchise, have the right to question by injunction the extent of corporate power of another public service corporation, with a franchise to do the same kind of business, solely for the purpose of keeping down competition?"

"Should a chancellor grant an injunction without notice, stopping a great number of men from work, where the relator does not have a clear legal right to the relief sought, and no irreparable injury therefore can result if the injunction is not granted?"

"Is a public service corporation, with a franchise from the State, to operate a telephone company in the State, limited in its operations to the counties specifically named in its charters as the counties in which it expects to do business?"

"Does the circuit court have jurisdiction to issue a temporary restraining order stopping the extension of a telephone line of a public service corporation, which holds a franchise from the State, prior to some action having been taken by the Railroad Commission?"

Respondent states two questions:

"Can a court of equity in the State of Florida enjoin the construction of a telephone line in competition with another telephone line where the first mentioned telephone line has no franchise or authority to do business in a locality, or localities, county or counties, as to which the second company seeks injunctive relief because of the fact that it has an established going concern under franchise rights serving the localities sought to be served by the second company?"

"Where a telephone company has been established for some thirty years or more, serving localities for such period of time, will a court of equity permit on the application of the first mentioned company the second company to parallel its line and thereby cause it a loss and possibly a loss of service to the public generally in the communities being served by the first

company, the second company at the time having no legal right under the statute to construct said line or to enter into competition with the first mentioned company?"

Under the law and practice in Florida, the State may invoke appropriate judicial remedies for an abuse or violation of corporate or franchise authority that is conferred pursuant to State law; but private parties or corporations may not invoke judicial remedies for an abuse of, or a violation of, corporate or franchise authority conferred by the State. See Hitchcolk v. Mortgage Securities Corp., (headnote 16) 95 Fla. 147, 116 So. 224; Vol. 10 Fletcher's Cyclopedia of Corporations, secs. 4854 et seq.

Where private property rights are violated by a private corporation, private parties or corporations may in general invoke appropriate judicial remedies against such corporation, upon proper and sufficient allegations and proof without raising the question of a wrong to State sovereignty. See Vol. 10, Fletcher's Cyclopedia of Corporations, sec. 4856 et seq.; 19 C.J.S. 441, sec. 981; 13 Am. Jur. 790 et seq., secs. 759, 764, et seq.

In Seattle Gas & Electric Co. v. Citizens' Light & Power Co., 123 Fed. 588, plaintiff claimed an exclusive right to lay gas pipes in city streets and alleged that by making excavations in the streets for the purpose of laying and extending and repairing gas pipes, and by disturbing the earth underneath the complainant's pipes, the defendant is guilty of maintaining a nuisance, causing special injury and damage to the complainant, without authority of law.

In Delaware & R. C. and C. & A. Railroad and Transportation Co. v. Raritan & D. B. R. R. Co., 16

New Jersey Equity Reports 321, plaintiff had an exclusive right to the through traffic from New York City to Philadelphia, and such exclusive right had not been yielded or withdrawn or appropriated by the State. An accounting was sought.

While the validity and scope of the corporate franchise rights conferred upon a public utility company may not be tested in a suit brought by a private party or corporation, yet when property of a public utility corporation is trespassed upon or is unlawfully injured or endangered, or the public utility corporation is unlawfully and materially hindered in the performance of its duty in rendering its authorized public service, by a potential competitor or others, the law provides for obtaining relief or redress at the suit of the injured party, East Fla. Telephone Co. v. S. A. L. Ry. Co., 85 Fla. 378, 96 So. 95; and when the nature of the case warrants it under the law, and the facts are properly and sufficiently presented, appropriate judicial relief by injunction may be granted as provided by law and the principles of equity, without adjudicating the corporate franchise rights of a defendant corporation. Sec. 4856 et seq., Fletcher's Cyclopedia of Corporations. See Northwestern Tel. Exch. Co. v. Twin City Tel. Co., 89 Minn. 495, 95 N. W. 460; New Hartford Water Co. v. Village Water Co., 87 Conn. 183, 87 Atl. 358.

In this suit brought for injunctive relief by one public utility telephone corporation against another public utility telephone corporation, it is in effect alleged that plaintiff telephone corporation is authorized to operate in Leon and Wakulla counties in Florida, but defendant telephone corporation is not authorized to construct or operate a telephone ser-

vice in said counties. This and cognate allegations not being a necessary element in alleging irreparable injury to plaintiff's property or to its capacity to render its public service, such allegations are not appropriate in this suit by a private corporation to raise an issue as to the corporate franchise right of the defendant corporation to construct, maintain and operate telephone lines in Leon and Wakulla counties.

It is in effect also alleged that the defendant telephone corporation has applied for permission to, and is about to, construct a telephone line along the right of way of named state roads in Leon and Wakulla counties, and has served notice on plaintiff that defendant would demand connections with the telephone lines of plaintiff; that the construction by the defendant of the stated telephone lines "will result in having competitive telephone services in the territory" in and around Sopchoppy, Wakulla Springs and Jackson Bluff, in Wakulla and Leon counties, to be maintained at the expense of the telephone subscribers and the toll paying public and also at a severe loss and damage to the plaintiff.

It is also alleged:

"That defendant began, on the morning of May 24th, 1941, or earlier, the erection of poles from Wakulla Lodge towards the City of Tallahassee, using a large number of trucks and a large number of men with the evident intention and purpose of running into the City of Tallahassee before they could be stopped, regardless of their rights so to do under the laws of the State of Florida, and regardless of the effects upon the business of the plaintiff.

"That while plaintiff had been given reason to suspect that such an undertaking would be made by

defendant, yet plaintiff had no actual knowledge of the operations of defendant up until about 4 o'clock P.M. this Saturday, May 24th, 1941, and it is the clear and evident purpose and intention of defendant, to enter into the City of Tallahassee or as close to the limits of the City of Tallahassee as it can get prior to the time any relief can be granted, in court or otherwise, to plaintiff.

"That no notice or application or any restraining order or injunction has been given by plaintiff to defendant because to give such notice prior to the issuance of any restraining order would simply accelerate the injury in that the defendant would double its efforts to get to the City of Tallahassee or connect with plaintiff's lines at the limits of the City of Tallahassee before any injunctive relief could be issued to plaintiff on Monday morning following or some later day."

Such allegations do not state facts that show unlawful trespass upon or other unlawful irreparable injury to any property of plaintiff, or that plaintiff is being, or is threatened to be, hindered or injured in its capacity to render its public service to warrant injunctive relief. Vol. 10 Fletcher's Cyclopedia Corporations, secs. 4854, 4856, et seq. Plaintiff does not allege an exclusive franchise corporate right, and cannot complain in the courts of competition. See New England R. R. Co. v. Central Ry. & Electric Co., 69 Conn. 47, 36 Atl. 1061. Its public business is regulated by statute under Section 30, Article XVI, of the Constitution. See secs. 6333 (4369) et seq., C.G.L.; State v. So. Tel. & Const. Co., 65 Fla. 270, 61 So. 506; State v. Pen. Tel. Co. 73 Fla. 913, 75 So. 201; Town of Brooksville v. Fla. Tel. Co., 81 Fla. 436, 88 So. 307.

An interlocutory writ of certiorari will be issued herein under Rule No. 34, and the order of May 24, 1941, granting a temporary injunction or restraining order and subsequent interlocutory orders or decrees are thereupon hereby quashed and the cause remanded.

BROWN, C. J., BUFORD and ADAMS, JJ., concur.