SHANNON, Judge.
This is an interlocutory appeal from a temporary restraining order granted to Tampa Electric Company, appellee-plaintiff, and against the Withlacoochee River Electric Cooperative, Inc., appellant-defendant, and from an order denying a motion by appellant-defendant to vacate.
Tampa Electric Company is engaged in the business of manufacturing, distributing and selling electric energy. It is a public utility company in the State of Florida within the definition of Chapter 366, Florida Statutes, F.S.A., and holds a non-exclusive franchise to do business in the territory involved in this case. As a public utility it is subject to the provisions of Chapter 366, including the fixing of rates by the Florida railroad and public utilities commission and the requirement that it “ * * * furnish to each person applying therefor reasonably sufficient, adequate and efficient service upon terms as required by the commission, * * F.S.A. § 366.03. The Withl'a-coochee River Electric Cooperative, Inc., is engaged in the same business as the Tampa Electric Company but is organized and exists under Chapter 425, Florida Statutes, F.S.A., which is an incorporation statute for cooperative, non-profit membership corporations, desiring to be organized thereunder, for the purpose of supplying electric *10 energy in rural areas. A “rural area” is defined therein as:
“ * * * any area not included within the boundaries of any incorporated or unincorporated city, town, village, or borough having a population in excess of twenty-five hundred persons
Section 425.04 sets out the powers given by the legislature to such cooperatives, included among which is the power to sell electric energy in rural areas (Subsection 4),
“ * * * provided, however, that no cooperative shall distribute or sell any electricity, or electric energy to any person residing within any town, city or area which person is receiving adequate central station service or who at the time of commencing such service, or offer to' serve, by a cooperative is receiving adequate central station service from any utility agency, privately or municipally owned individual partnership or corporation;”
Being an electric cooperative, organized under this chapter, the Withlacoochee River Electric Cooperative, Inc., is expressly exempted from the definition of “public utility” contained in Chapter 366 and is not subject to the provisions of that chapter.
In this case, as in another that we have before us (Withlacoochee River Electric Cooperative, Inc. v. Tampa Electric Company, Case No. 1149, Fla.App., 115 So.2d 17), Tampa Electric Company, hereinafter referred to as “Tampa Electric”, obtained a temporary restraining order enjoining the Withlacoochee River Electric Cooperative, Inc., hereinafter referred to as “With-lacoochee”, from furnishing electric energy to certain persons in a rural area. In both cases temporary restraining orders were entered and Withlacoochee appeals from the orders of the court below denying its motions to dissolve. Testimony was taken below at the hearings on these motions, and in its motions to dissolve and in the testimony presented Withlacoochee has stressed the merits of the orders as well as the question of whether or not Tampa Electric has any standing in a court of equity to bring these actions. The cases were ably argued before us, and we have been supplied with excellent briefs.
In the instant case Withlacoochee was restrained from supplying service to a corporation. The basis for the chancellor’s findings was that the corporation is but the alter ego of a partnership, on adjoining land, which Tampa Electric was at the time serving. Ordinarily, such a suit could not be brought by the Tampa Electric, but would have to be brought by the state itself. In their complaint Tampa Electric alleged that unless the restraining order was so entered, it would take away from Tampa Electric certain valuable property rights by virtue of depriving Tampa Electric of the revenue which it would receive from the .services to be rendered in the future and that the Tampa Electric would be irreparably injured thereby. So, in deciding the right of Tampa Electric to bring this suit we must necessarily take into account the allegations of the complaint, which we have just paraphrased.
While we have been referred to many cases from other state and federal courts, which we have studied, we are convinced that the law of this state is settled by the decisions of the Supreme Court of Florida. The allegations of the complaint, narrowed to their essence, are that Withlacoochee is competing with Tampa Electric and that the acts which it is doing or attempting to do are ultra vires. This case thus comes under the rule in St. Joseph Telephone & Telegraph Co. v. Southeastern Telephone Co., 1941, 149 Fla. 14, 5 So.2d 55, 57, wherein one of the questions is as follows:
“Does a public service corporation, with a franchise to do business in a certain locality, but not an exclusive franchise, have the right to question by injunction the extent of corporate *11 power of another public service corporation, with a franchise to do the same kind of business, solely for the purpose of keeping down competition?”
Our Supreme Court declared the law in Florida to be as follows:
“Under the law and practice in Florida, the State may invoke appropriate judicial remedies for an abuse or violation of corporate or franchise authority that is conferred pursuant to State law; but private parties or corporations may not invoke judicial remedies for an abuse of, or a violation of, corporate or franchise authority conferred by the State. See Hitchcolk v. Mortgage Securities Corp., headnote 15, 95 Fla. 147, 116 So. 244; Vol. 10 Fletcher’s Cyclopedia of Corporations, secs., 4854 et seq.
* * * * * *
“Such allegations do not state facts that show unlawful trespass upon or other unlawful irreparable injury to any property of plaintiff, or that plaintiff is being, or is threatened to be, hindered or injured in its capacity to render its public service to warrant injunctive relief. Vol. 10 Fletcher’s Cyclopedia Corporations, secs. 4854, 4856 et seq. Plaintiff does not allege an exclusive franchise corporate right, and cannot complain in the courts of competition. See New England R. Co. v. Central Ry. & Electric Co., 69 Conn. 47, 36 A. 1061. Its public business is regulated by statute under section 30, Article XVI, of the Constitution. See secs. 6333 (4369) et seq., C.G.L.; State ex rel. Railroad Com’rs v. Southern Tel. & Const. Co., 65 Fla. 270, 61 So. 506; State v. Peninsular Tel. Co., 73 Fla. 913, 75 So. 201, 10 A.L.R. 501; Town of Brooksville v. Florida Tel. Co., 81 Fla. 436, 88 So. 307.”
An almost identical factual situation arose in the case of Southwestern Gas & Electric Co. v. City of Gilmer, D.C.Tex. 1954, 123 F.Supp. 11, and in 224 F.2d 794 the Fifth Circuit affirmed the District Court. It is only from the District Court’s opinion that the facts are discernible. In that case an electric company, a public utility, sought an injunction against an electrical cooperative, similar to Withlacoochee, enjoining it from serving persons who lived in a territory annexed by the City of Gil-mer, Texas. In holding that the injunction suit brought by Southwestern would not lie the District Court said that the alleged acts of the co-op were ultra vires, not illegal, and under Texas law could only be attacked in a direct proceeding by the state. The chancellor said, among other things:
“For the purpose of determining the right of Plaintiff to maintain this action and thereby question the right or power of the Co-op to furnish electric energy in the disputed areas, it will be assumed, without so holding, that the furnishing of electric energy to the inhabitants in the annexed areas of the City of Gilmer, above referred to, is beyond and outside the corporate powers of the Co-op.
“It is the settled rule in Texas that the question of whether or not a corporation has acted in excess of its lawful powers can only be raised by one interested in the corporation, or in a direct proceeding brought by the State. Houston Life Ins. Co. v. Dabbs, 132 Tex. 566, 125 S.W.2d 1041; Staacke v. Routledge, 111 Tex. 489, 241 S.W. 994; Scott v. Farmers’ & Merchants’ National Bank, 97 Tex. 31, 75 S.W. 7; Russell v. Texas & P. Ry. Co., 68 Tex. 646, 5 S.W. 686; Antone v. Kurth Lumber Mfg. Co., Tex.Civ.App., 205 S.W.2d 438; English v. Landa Motor Lines, Tex.Civ.App., 166 S.W.2d 721 (Writ of Error Refused) ; Christopher v. City of El Paso, Tex.Civ.App., 98 S.W.2d 394 (Writ of Error Dismissed) ; and 10 Tex.Jur.Sec. 257, p. 898.”
*12 Several cases decided in the State of New York have been cited by Tampa Electric wherein it appears that the courts of that state were not concerned with the lack of corporate or charter authority of the defendants, but rather, the cases involved violations of express statutory prohibitions of the Public Service Commission Law. In Fulton Light, Heat & Power Co. v. Seneca River Power Co., 119 Misc. 729, 197 N.Y.S. 319, decided in 1922, the New York Supreme Court held that plaintiff corporation had suffered a special injury and thus had standing in a court of equity for relief. Irrespective of whether the holding in the Fulton case is contrary to our decision, our own Supreme Court in the St. Joseph Telephone case, supra, decided in 1941, had the opportunity to read and digest the New York decisions and, having done so, established the doctrine which we have quoted from the St. Joseph case.
Tampa Electric is complaining of competition, as were the plaintiff utilities in the New York cases, and it stresses that the legislature intended to prohibit competition by the enactment of Section 425.04(4), Florida Statutes, F.S.A. The answer to that is perfectly obvious. If the legislature had intended to prohibit competition between cooperatives and “central stations”, it could easily have done so. As this provision is presently enacted, it is merely a detailed grant of authority in a special incorporation statute to cooperatives such as the defendant, and under the St. Joseph case Tampa Electric may not obtain injunctive relief for acts alleged to be in excess of the defendant’s corporate authority.
For the reasons set forth the chancellor’s order is reversed for the purpose of dissolving the temporary restraining order and entering an order dismissing the complaint.
Reversed.
ALLEN, Chief Judge, concurs specially.
MURPHREE, JOHN A. H., Associate Judge, dissents.