KANNER, Judge.
Two appeals from final decrees permanently enjoining Withlacoochee River Electric Cooperative, Inc., defendant-appellant, from serving electric energy to defendants-appellants Southern Leasing, Inc., and Valencia Restaurant & Motel, Inc., were con *733 solidated for purposes of the appeal and for oral argument before this court; and the cases were consolidated for hearing below.
Tampa Electric Company, the plaintiff-appellee, is a Florida corporation classified a “public utility” as defined within Chapter 366, F.S.A. That company supplies electricity to customers in Hillsborough, Pinel-las, Polk, and Pasco Counties. As to the present case, it is serving customers in Pasco County under a nonexclusive franchise from the county. Withlacoochee is a nonprofit rural electric cooperative deriving its authority under Chapter 425, F.S.A.; and, unlike the Tampa Electric Company, is not categorized under Florida law as a public utility nor subject to regulation by the Florida Railroad and Public Utilities Commission.
Initially, the circuit court entered temporary restraining orders. These subsequently were made the subject of interlocutory appeals to this court, two cases, Withlacoochee River Electric Coop. v. Tampa Electric Co., as reported in Fla.App.1959, 115 So.2d 9 and 17. We reversed the temporary restraining orders and held that the Tampa Electric Company did not have sufficient standing in a court of equity to bring the suits. Petitions for writ of certiorari were taken to the Supreme Court, grounded upon direct conflict of this court’s decisions with that of the Supreme Court of Florida in the case of St. Joseph Telephone & Telegraph Co. v. Southeastern Telephone Co., 1941, 149 Fla. 14, 5 So.2d 55. The Supreme Court quashed the orders of this court “ * * * with directions that said court enter orders consistent with [this] opinion and remand these cases for further proceedings in the Circuit Court of the Sixth Judicial Circuit.” Tampa Electric Co. v. Withlacoochee River Electric Coop., Fla.1960, 122 So.2d 471, 474.
This court need not here set out the facts as contained within the two complaints and relied upon by the Tampa Electric Company for injunctive relief, because, in essence, these are sufficiently expressed in the main and concurring opinions emanating from the interlocutory appeals above mentioned.
The chancellor heard and reviewed the evidence offered by all the parties. As has been indicated, he determined that Tampa Electric Company was entitled to relief and made the temporary restraining orders permanent.
Appellant poses for reversal four points. These assert, substantially, that the appellee is not entitled to maintain the suits, since it is complaining of competition without having a property right to be free from competition or any other special interest or private right entitling it to an injunction; that appellant Withlacoochee has the authority under Chapter 425, F.S.A., to serve the other appellants with electric power; that interpretation of Section 425.04, Florida Statutes, F.S.A., so as to prevent Withlacoochee from doing this deprives these appellants of equal protection of the law and of their property under the State and Federal Constitutions ; and that such interpretation impairs the obligation of a contract for the sale and use of electric power between these appellants in violation of the State and Federal Constitutions. It is the position of ap-pellee that the question to be decided is whether or not appellee has sustained the allegations of its respective complaints through the required proof.
We quote the Supreme Court’s conclusions from 122 So.2d 473-474:
“It is our opinion that the complaint in this case sufficiently alleges that the cooperative in these cases has used its preferential economic advantage as a means of extending its service to customers previously being adequately served by Tampa Electric. Such activity exceeds not only the fundamental underlying purpose which motivated the establishment of the rural electrification program, but also it violates the plain language as well as the spirit of Section 425.04, F.S.A. Further, we are in accord with the petitioners and Associate Judge Murphree in their conclusion *734 that the cooperative’s activities are tantamount to an unlawful injury or hindrance of Tampa Electric’s property rights.
“The opinion and decision herein rendered by the District Court of Appeal, Second District, is in direct conflict with our decision in the case of St. Joseph Tel. & Tel. Co. v. Southeastern Tel. Co., 1941, 149 Fla. 14, 5 So.2d 55, in that said court followed the general rule laid down in the St. Joseph case, whereas it should have followed the exception set forth therein. The District ■Court of Appeal’s opinion shows on its face, by paraphrasing the allegations of the complaint, that the exception to the general rule laid down in the St. Joseph case should have been applied to these cases.” (Footnotes omitted).
Thus, the case law is established. It is clearly held that the complaints state causes for relief. Consequently, we agree that the position stated by appellee is the correct one. From our study of the evidence, we find that it fulfills the probative requisites, as was found by the chancellor. We do not find that there was a holding by the chancellor on any question of constitutionality. These appeals were first lodged in the Supreme Court; and it was there decided that jurisdiction was vested here, with the result that the appeals were ordered to be transferred to this court for determination. This court, therefore, affirms the permanent restraining orders as entered.
Affirmed.
SHANNON, C. J., and SMITH, J., concur.