## McABEE, et al v. ESCAMBIA COUNTY, et al.
### No. 70-2448.
Circuit Court, Escambia County.
December 30, 1970.

J. B. Hopkins, Pensacola, for the plaintiffs.

Jack H. Greenhut, County Attorney, for the defendant county.

Alan H. Rosenbloum, Pensacola, for the refuse collectors and other defendants.

ERNEST E. MASON, Circuit Judge.

This is a suit for injunctive relief and declaratory judgment brought by the plaintiffs, McAbee and Hinson, residents of Scenic Hills Country Club Subdivision, an unincorporated area of Escambia County, in behalf of themselves and others claimed to be like situated in said subdivision, and on behalf of other customers of garbage and refuse collectors serving other unincorporated areas. The suit is brought against Escambia County as grantor of garbage collection and refuse franchises in various unincorporated areas in the county, against the several county commissioners of the county, constituting the board of county commissioners of Escambia County ("the board" hereafter), against Escambia County Refuse Collectors Association, Inc., an association of garbage and refuse collection franchise holders, against Gibbs Sanitation Service, Inc., as holder of the garbage collection and refuse franchise within said Scenic Hills Country Club Subdivision, against George Resmondo, doing business as Resmondo Sanitation Service, against Donald Reed, doing business as Reed Sanitation Service, against Robert Lee Emmons, doing business as Fairfield Sanitation Service, against Florida Garbage Collectors, Inc., against Eddie Dean, doing business as Dean Sanitation Service, and against James O. Baker, doing business as Village Sanitation Service. The facts alleged in the complaint are in brief as follows —

On December 15, 1966 the board under authority of chapter 57-1313, Laws of Florida, granted to the several defendant garbage and refuse collectors exclusive franchises to collect garbage and rubbish within the unincorporated areas designated in their several franchises for a three year period. Each of these was renewed for an additional period of three years from December 15, 1969. The terms of the several franchises are identical with the exception of the name of the licensee and the territory to be serviced.

The named plaintiffs, McAbee and Hinson, reside in Scenic Hills Country Club Subdivision and are presently serviced by the defendant, Gibbs Sanitation Service, Inc., under a franchise granted to that defendant by the board on the 15th day of December, 1969, said franchise having been accepted in writing by that defendant on January 15, 1970.

Among the pertinent provisions of the franchises granted to the several grantees and particularly to the defendant, Gibbs Sanitation Service, Inc., are the following —

(1) The exclusive right to serve the area involved is granted;

(2) The service charge for residence garbage pickup is $3 per month for single residence calling for two pick-ups per week;

(3) No place of garbage pickup is designated, but the grantee is obligated to provide weekly domestic rubbish pickup provided the same is placed at the road right-of-way line of the property serviced;

(4) The rates and service charges set out in the franchise is subject to negotiation, provided that no change in such shall be made until after public hearing has been held on the application of any interested party;

(5) The grantee's exclusive right obligates him to collect all garbage of those owners within the area serviced who request such service;

(6) Any owner or occupant of premises within the franchise area is not required to contract with the grantee, but is authorized to dispose of his garbage and waste in any lawful manner.

The complaint alleges that although the place of pickup of garbage is not set forth in the franchises such place of pickup has been determined and set by usage and custom as back yard pick-up, and that one of the reasons for which the exclusive franchises were granted was such "back yard pickup", and that said licensees, operating under said franchises, have for years rendered such "back yard pickup".

The complaint further alleges that on November 5, 1970, the several defendant licensees requested at a regular meeting of the board an amendment to the several franchises to extend the terms of the same for a period of twelve years from December 15, 1972. That on November 9, 1970, the several licensees by open letter published in the Pensacola News Journal gave notice to the effect that beginning Monday, November 16, 1970, they would no longer render back yard pickup service of garbage, but would require the several property owners to place said garbage at curbside for such collection service. That on November 12, 1970, the board's health and welfare committee recommended to the board approval of the extension of the franchises as requested to run for a period of twelve years from December 15, 1972, but that said report and recommendation was deferred until after January, 1971. That on November 12, 1970, the board adopted a motion calling for a public hearing to be held on the 16th day of December, 1970, to consider an amendment to the several garbage franchises to provide for rate increases and also to specify curbside pickup of garbage. That on November 16, 1970, at a special meeting, the board adopted a motion authorizing the franchise holders to resort to curbside pickup of garbage.

The complaint further alleges that the residents of Scenic Hills Country Club Subdivision live in a restricted covenant area which requires that all front yard garbage receptacles be submerged and that if such residents are compelled to adhere to curbside pickup of garbage, they will either have to violate said covenant or go to the expense of providing sunken garbage receptacles at the curbside. That the collection fee for garbage and refuse collection is payable in advance and that the plaintiffs residing in said subdivision have paid for such service for the quarter ending December 31, 1970. That under the original franchise the service charge was $2.50 per month. The complaint alleges that "presumably" one of the reasons upon which the rate was increased from $2.50 per month to $3 per month was the fact that back yard pickup service was provided.

The complaint goes on to allege that the several franchise holders, and particularly Gibbs Sanitation Service, Inc., have, by their actions, approved by the board, eliminated back yard pickup service, and thereby have violated the terms of their several franchises, to the irreparable harm of the plaintiffs.

Wherefore, plaintiffs sue, seeking mandatory injunction to require the several franchise holders to continue and/or resume back yard service collection, and for a judgment of this court declaring the rights of the several parties hereto under the franchise agreements.

The several defendants have filed motions to dismiss upon the grounds (a) that the complaint fails to state a basis for injunctive relief and declaratory judgment, (b) that the plaintiffs have no standing in court to complain of the alleged violation of the terms of the franchise agreements, (c) that the complaint fails to allege any illegal or wrongful act by any of the defendants, (d) that the plaintiffs have no standing to bring a class action against all of the defendant garbage and refuse collectors, (e) that it is apparent from the complaint that the defendants are not parties to any restrictive covenants governing the use by the plaintiffs of their property, and that no restrictive covenants are expressly or impliedly made a part of the franchise in question.

At the outset the court holds that the plaintiffs, McAbee and Hinson, have no standing to bring any class action against any franchise holder other than the defendant, Gibbs Sanitation Service, Inc., the garbage and refuse collector alleged to have a franchise to service the subdivision in which these two plaintiffs reside. In so holding, the court concludes that such plaintiffs are authorized to bring a class action only for the members of the class of which they are numbered, namely, those property owners serviced by the franchise holder servicing the subdivision in which they reside.

It is, therefore, ordered that the suit as to the defendants, George Resmondo, doing business as Resmondo Sanitation Service, Donald Reed, doing business as Reed Sanitation Service, Robert Lee Emmons, doing business as Fairfield Sanitation Service, Florida Garbage Collectors, Inc., Eddie Dean, doing business as Dean Sanitation Service and James O. Baker, doing business as Village Sanitation Service, be, and the same is, dismissed with prejudice, and that said defendants go hence without day, with their costs to be taxed by the clerk of this court, for all of which let execution issue.

The motion of Escambia County Refuse Collectors Association, Inc., to dismiss is granted for the reason that such defendant is neither a necessary or proper defendant, it not being alleged in the complaint that this defendant holds any franchise for garbage or refuse collection, nor that it has ever performed any service of such character for the plaintiffs, or for any other person, or that the plaintiffs are customers of said defendant.

It is, therefore, ordered that the motion of said defendant, Escambia County Refuse Collectors Association, Inc., to dismiss the complaint as to it, be, and the same is, dismissed, with prejudice, and that said defendant go hence without day, with its costs to be taxed by the clerk of this court, for which let execution issue.

The thrust of the complaint of the plaintiffs against the remaining defendants, Gibbs Sanitation Service, Inc., and Escambia County and the board of county commissioners is that such plaintiffs enjoy entitlement to "back yard" pickup service of garbage from Gibbs Sanitation Service, Inc. under the franchise granted to it by the county of Escambia acting through its board of county commissioners.

The first question to be determined by the court with reference to the suit against the remaining defendants is whether suit for injunction and declaratory judgment will lie. In this connection, it is to be borne in mind that the franchise in question is a contract between the defendant, county of Escambia and the defendant, Gibbs Sanitation Service, Inc., and that these plaintiffs are not parties to any such contract. It has been held by the Supreme Court of Florida in St. Joseph Telephone and Telegraph Co. v. Southeastern Telephone Co., 5 So.2d 55, that private parties may not invoke judicial remedies for an alleged violation by a holder of franchise authority conferred by the state or one of its political subdivisions, and that only the governmental authority may invoke appropriate judicial remedies for such alleged violation. However, in the special act which grants to Escambia County authority to grant utility franchises in the unincorporated areas of this county

(ch. 57-1313, Laws of Florida, Acts of 1957), procedures are set forth for the hearings of complaints against franchise holders including review by the circuit court of the county, and the court is, therefore, of the view that if the matter is properly brought before this court, it has the power and the jurisdiction to review the actions of the board in dealing with such complaints.

It is doubtful, however, that this court may review the board's action in dealing with a complaint against a franchise holder in a direct or original action brought here. Rule 4.1 of the Florida Appellate Rules provides that review of the rulings of any commission or board shall be by certiorari, and in the manner provided by said rules. This would seem to foreclose the granting of the particular relief sought herein, namely, a declaration of the rights of the parties and/or a mandatory injunction. But, assuming that this court does have jurisdiction in this particular proceeding, it is the view of the court that the complaint does not sufficiently allege facts which would justify the granting of an injunction. Nowhere in the franchise is it stated that the plaintiffs, or any other property owner receiving garbage and refuse collection service from the defendant, Gibbs Sanitation, Inc., is entitled to back yard pickup service. The franchise does not specify at what place the garbage is to be picked up. The only specific reference as to the place where any kind of service is to be rendered is with reference to rubbish. In such instance it is specifically provided that rubbish shall be placed at the road right-of-way line. Plaintiffs take the position that because the franchise holder has rendered back yard pickup service in the past it is impliedly obligated to continue to do so. It is their contention that such custom and usage is a part of the franchise contract. However, only a party to a contract may take advantage of a custom or trade usage. The plaintiffs are not parties to the franchise contract. Only the county of Escambia could contend that the defendant collector is bound by past custom and usage.

Injunctive relief should be granted only where the right to the same is clearly alleged and proven. Government by injunction is not favored. And in the absence of fraud or gross abuse of discretion, equity will not interfere or restrain public officers or agencies in the exercise of power vested in them, nor will the court by injunction substitute its own discretion for that of such officials in matters belonging to their proper jurisdiction.

In dealing with the question as to whether or not the franchise holder is to continue back yard pickup service, the defendant board by its action on November 16, 1970 authorized the defendant fran-

chise holder to substitute curbside pickup of garbage for back yard pickup service. In so doing, the board has construed and interpreted the franchise as not obligating the franchise holder to furnish back yard pickup service. In the absence of a clear requirement in the franchise that back yard pickup service be had, the court should not substitute its judgment for that of the administrative board charged with the responsibility of enforcing the franchise agreement. For this court to require a different place of pickup in the absence of a clear obligation in the franchise to do so would be to substitute its judgment in an administrative matter for the judgment agreed upon by the contracting parties. The action of the board in allowing curbside pickup service and the abandonment of back yard pickup service is nothing more than a mutual interpretation by the board and the franchise holder of the obligation of such franchise holder as to the place of pickup, the franchise being silent as to the particular place therefor. The contracting parties being in agreement as to the place of pickup required by the franchise contract the action of the board of November 16, 1970, does not relate to any deficiency or default on the part of the franchise holder sufficient to bring into play the power of this court provided for in subsections (f) and (h) of section 4 of chapter 57-1313, supra, if such review may be had in an original and direct proceeding before the court.

Therefore, the court concludes that the plaintiffs are without standing to require the defendant franchise holder, namely, Gibbs Sanitation Service, Inc., to limit garbage pickup service to back yard service under the present franchise. The county upon renewal or extension of the franchise, or the granting of a new franchise as the case may be, would, of course, be entitled to require a particular location for the rendition of garbage collection service. Such requirement would then become a part of the franchise contract. But, the court is powerless in this proceeding to grant the relief sought by the plaintiffs because of their failure to establish a clear right thereto. The proper forum for relief is the board of county commissioners, not this court.

The fact that the plaintiffs' title deeds contain restrictive covenants cannot operate to impress an obligation upon the franchise contract nor limit the method of operation resorted to by such franchise holder in otherwise lawfully performing its franchise obligations.

It is, therefore, ordered and adjudged that the complaint as to the defendants, Gibbs Sanitation Service, Inc., the county of Escambia and the board of county commissioners of Escambia County be, and it is, dismissed, but without prejudice to amend as the plaintiffs may be advised, within 15 days.